# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, | Case No. 2:17-cv-02825-RFB-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 12) |
| UNITED AIRLINES, INC., | |
| Defendant(s). | |

Pending before the Court is a stipulated protective order. Docket No. 12. As a threshold matter, the parties seek to keep confidential the plaintiff's identity. *See id.* at 2. No motion has been filed seeking leave for Plaintiff to proceed in this matter pseudonymously. When a Plaintiff seeks to proceed with a lawsuit using a pseudonym, she must file a motion seeking permission to do so and must address the applicable standards. *See, e.g.*, *4 Exotic Dancers v. Spearmint Rhino*, 2009 WL 250054, *1 (C.D. Cal. Jan. 29, 2009). Moreover, the stipulated protective order fails to include legal authority or meaningfully developed argument that pseudonymity is appropriate here. Accordingly, the stipulated protective order is hereby **DENIED** without prejudice. To the extent Plaintiff wishes to proceed in this case pseudonymously, she must file a proper motion seeking such relief and addressing the applicable standards.[1] Any such motion shall be filed within seven days of the issuance of this order, and shall be

---

[1] The Court is not opining herein on whether grounds exist for pseudonymity, but rather only that a proper motion must be filed supported by legal authority and meaningfully developed argument.

filed separately from any stipulation for the entry of a blanket protective order by which the parties may seek to designate discovery materials as confidential.[2]

IT IS SO ORDERED.

DATED: February 14, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] The stipulated protective order provides in some detail the grounds on which the parties believe certain information merits confidential treatment. *See* Docket No. 12 at 2-4. In reviewing a stipulated protective order, the Court will not be making any determination that any particular information warrants secrecy. Doing so would be impossible, as the Court does not have the actual documents to review. Instead, the Court will simply be providing a mechanism by which the parties may (in good faith) designate information as confidential. The Court does not put its imprimatur on such designation. Accordingly, to avoid confusion, any renewed stipulated protective order should omit discussion of the grounds on which the parties believe they may designate information as confidential and should focus instead solely on the mechanism by which they may do so.