UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff(s),<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>    Defendant(s). | Case No.: 2:17-cv-2825-RFB-NJK<br><br>**Order**<br><br>(Docket No. 49) |

Pending before the Court is Plaintiff's third motion for an order permitting her to proceed by pseudonym. Docket No. 49. The Court has considered Plaintiff's motion and Defendant United Airlines, Inc.'s ("United") response in limited opposition. Docket Nos. 49, 53. Defendant Patrick Laraby did not file a response. No reply was filed. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the following reasons, the Court **GRANTS** in part and **DENIES** in part Plaintiff's third motion for an order permitting her to proceed by pseudonym. Docket No. 49.

**I.    Standards**

Fed.R.Civ.P. 10(a) requires that a complaint must name all of the parties. Moreover, it is presumed that the parties will use their real names, and that the parties' identities are public information. *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate* ("*Kamehameha*"), 596 F.3d 1036, 1042 (9th Cir. 2010); *see also Does I thru XXIII v. Advanced Textile Corp.* ("*Adv. Textile*"), 213 F.3d 1058, 1067 (9th Cir. 2000). A party may, however, proceed anonymously in

special or unusual circumstances, "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Adv. Textile*, 214 F.3d at 1067-068 (citing *U.S. v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Courts have generally permitted a party to proceed anonymously in three situations: (1) if identification would place the party at risk of retaliatory physical or mental harm; (2) if anonymity is necessary to preserve the party's privacy in sensitive and highly personal matters; and (3) if a party is compelled to admit its intention to engage in illegal conduct and risks criminal prosecution. *Id.* at 1068.

Where a party asks to proceed anonymously based, in part, on a risk of retaliatory harm, Courts balance the following five factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation;" (4) any prejudice to the opposing party; and (5) whether the public's best interest would be served by revealing the party's identity. *Id.*; *see also Kamehameha*, 596 F.3d at 1042. Where a party does not allege a risk of retaliatory harm, Courts engage in a condensed analysis of the above factors, looking at: (1) the party's interest in anonymity, including the severity of any likely harm; (2) any prejudice to the opposing party; and (3) the public's interest. *See J.J. v. Olympia Sch. Dist.*, 2016 U.S. Dist. LEXIS 49646, at *4 n.1 (W.D. Wash. July 5, 2016); *see also Doe v. JBF RAK LLC*, 2014 U.S. Dist. LEXIS 146985, at *8-9 (D. Nev. Oct. 15, 2014).

**II.      Analysis**

As a preliminary matter, although Plaintiff cites to the standards regarding a showing of retaliatory harm, she fails to present any evidence indicating such a risk. Docket No. 49 at 5. First, Defendant United is aware of Plaintiff's identity and Plaintiff submits that she does not oppose disclosing her identity to Defendant Laraby. *Id.* at 7; *see also JBF RAK LLC*, 2014 U.S. Dist. LEXIS 146985 at *8-9 (Finding that if a plaintiff's name is publically disclosed or known to the defendants, there is no fear of retaliatory harm). Second, Plaintiff fails to present any evidence that Defendants or anyone else has "attempted to retaliate against her because of this lawsuit…." *Id.* Third, Plaintiff submits that she desires to avoid "unwanted media attention and scrutiny … [and becoming] another talking point," referring to "today's rapid dissemination of information through social media platforms" and the ongoing MeToo movement. Docket No. 49 at 5.

Therefore, the Court finds that Plaintiff's primary reason in requesting to proceed under a pseudonym is a privacy concern, and that the factors from *Adv. Textile* are inapplicable. *See Doe v. Penzato*, 2011 U.S. Dist. LEXIS 51681, at *9 (N.D. Cal. May 13, 2011) (Finding that the factors from *Adv. Textile* were inapplicable where privacy interests, as opposed to retaliatory harm, were "the primary basis for [the plaintiff's] need to proceed anonymously").

District Courts within the Ninth Circuit "uniformly allow plaintiffs alleging sexual assault to proceed under pseudonyms." *N.S. v. Rockett*, 2017 U.S. Dist. LEXIS 54204, at *5-6 (D. Or. Apr. 10, 2017); *see also Joseph v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993) (Acknowledging the Ninth Circuit's "tradition of not revealing names of the victims of sexual assault…"). Nonetheless, a party's allegation of sexual assault is not an automatic license to proceed pseudonymously. *See Doe v. Ayers*, 789 F.3d 944, 945-946 (9th Cir. 2015) (Finding that proceeding under a pseudonym is a high bar, and permitting the petitioner to proceed pseudonymously because the "graphic evidence regarding repeated sexual assault in prison, and submitted credible evidence that he would likely be subjected to more violence if his name was revealed," made it a rare and exceptional case); *see also U.S. v. Doe*, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007) (Noting "the Ninth Circuit's requirement that pseudonymity [*sic*] be limited to the 'unusual case'.") (internal citation omitted).

In the instant case, Plaintiff alleges that she was sexually assaulted by Defendant Laraby on a flight operated by Defendant United. *See generally* Docket No. 33. Plaintiff submits that she "faces both reputational and economic harm from third parties," as well as harassment and embarrassment as an alleged sexual assault victim. Docket No. 49 at 5-6. Plaintiff further submits that, "through disclosure of her identity, she will become the subject of unwanted media attention and scrutiny." *Id*. In accordance with Courts within the Ninth District, the Court finds that these allegations weigh in favor of Plaintiff proceeding using her initials.[1] *See e.g.*, *Roe v. Cal. Dep't of*

---

[1] Plaintiff first requested the Court's permission to proceed pseudonymously on February 21, 2018. Docket No. 14. The Court subsequently granted Plaintiff three opportunities to properly brief her request. Docket Nos. 17, 35, 48. In light of these opportunities, Plaintiff's motion nonetheless presents the bare minimum of information and relevant standards. *See generally* Docket No. 49. Notwithstanding Plaintiff's third motion, the case law within the Ninth Circuit is clear and Courts have denied a sexual assault victim's requests to proceed pseudonymously only in rare and unique circumstances. *See JBF RAK LLC*, 2014 U.S. Dist. LEXIS 146985, at *18-21

3

*Developmental Servs.*, 2016 U.S. Dist. LEXIS 96815, at *2 (July 25, 2016) ("[R]ecognizing that 'sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity'.") (citing *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)). Additionally, the Court finds that Defendants will not be prejudiced if Plaintiff proceeds under a pseudonym, as Defendant United is already aware of her identity and Plaintiff submits that she is "amenable to disclosure of her identity to [Defendant Laraby]." *Id.* at 7; *see Doe v. San Joaquin Cty.*, 2018 U.S. Dist. LEXIS 65574, at *2-3 (E.D. Cal. Apr. 17, 2018) (Finding "little prejudice to Defendants where Defendants are fully aware of the identity of their adversary"); *see also JBF RAK LLC*, 2014 U.S. Dist. LEXIS 146985 at *8-9. Further, the Court finds that the public's interest in permitting Plaintiff to proceed under her initials outweighs the public's interest in revealing her true identity. *See e.g.*, *R.P. v. Seattle Sch. Dist.*, 2014 U.S. Dist. LEXIS 20024, at *3 (W.D. Wash. May 13, 2011) ("[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes") (citing *Penzato*, 2011 U.S. Dist. LEXIS 51681, at *12-13); *see also Adv. Textile*, 214 F.3d at 1072-073.[2]

---

(Finding that the allegations in the case were "somewhat unusual even in the context of cases involving allegations of sexual assault," and denying the plaintiff's request to proceed anonymously because, *inter alia*, her claim to recover for various luxury gifts given by the defendant called her credibility into question, "in a manner not generally found in other cases involving sexual assault or abuse").

Plaintiff submits that she cannot proceed using her initials because: (1) "if Plaintiff and [Defendant] United dispute a discovery request onto Plaintiff's employer, such dispute will become a matter of public record" and (2) "an investigator or other individual," using a "nationwide litigation search software," could easily identify Plaintiff by cross-referencing her initials with her other cases in which she is represented by her current attorney. *Id.* at 9. The Court finds these arguments vague and, therefore, unconvincing. Moreover, Courts have frequently found that proceeding under one's initials is sufficient to protect the identity of sexual assault victims. *See e.g.*, *J.I. v. U.S.*, 2018 U.S. Dist. LEXIS 49646, at *6 (E.D. Cal. Mar. 23, 2018); *A.T. v. Everett Sch. Dist.*, 2017 U.S. Dist. LEXIS 28206, at *1 n.3 (W.D. Wash. Feb. 28, 2017).

[2] The parties' arguments regarding the logistics of discovery if Plaintiff's identity is disclosed to the public do not impact the Court's decision on the instant motion. Plaintiff submits that, while she does not oppose Defendant United's "ability to conduct discovery," disclosure of her identity to unspecified third parties "bears little to no consequence to [its] ability to defend itself." Docket No. 49 at 7. In response, Defendant United submits that it does not oppose Plaintiff's motion, under the condition that it is "not precluded from conducting full discovery into [P]laintiff's claims and alleged damages and using [her] true name in initial and expert disclosures, written discovery, and third-party subpoenas, and depositions of [P]laintiff, [Defendant] Laraby, and any other relevant witnesses." Docket No. 53 at 2. Such issues, however, may be resolved by

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's third motion for an order permitting her to proceed by pseudonym. Docket No. 49. Plaintiff is permitted to proceed in the instant case using her initials. No later than August 28, 2018, Plaintiff shall file a motion to amend that substitutes her initials for "Jane Doe." All parties shall use those initials for Plaintiff in all filings for the remainder of this case.

IT IS SO ORDERED.

Dated: August 21, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

the parties through a stipulated protective order. *See Cal. Dep't of Developmental Servs.*, 2016 U.S. Dist. LEXIS 96815, at *2.