# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

K.D.

    Plaintiff(s),

v.

UNITED AIRLINES, INC., et al.,

    Defendant(s).

Case No.: 2:17-cv-02825-RFB-NJK

**Order**

[Docket No. 66]

Pending before the Court is Defendant United's motion to compel further discovery. Docket No. 66. Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 72, 74. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is hereby **GRANTED**.

## I. BACKGROUND

The instant case alleges two causes of action, battery and negligence, related to a United flight Plaintiff undertook on October 26, 2016. Docket No. 1-1 at 5-9. The parties are currently before the Court regarding discovery disputes arising out of Plaintiffs' refusal to produce documents in response to the supplemental response to request for protection. *See* Docket No. 66.

## II. STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing

1

party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to discovery rules). The party resisting discovery must state, in detail, the reasons why each request is irrelevant or otherwise objectionable, and may not rely on generalized, conclusory, or speculative arguments. *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

The scope of proper discovery is limited to relevant matter. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes. *E.g.*, *Shaw v. Experian Info. Solutions., Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Even after the 2015 amendments to the discovery rules, relevance remains broad in scope. *See, e.g.*, *Fed. Nat'l Mrtg. Assoc. v. SFR Investments Pool 1, LLC*, Case No. 2:14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

**III. ANALYSIS**

The discovery dispute before the Court arises out of 15 requests for production served by Defendant on Plaintiff. Docket No. 66. The requests for production include:

- Documents related to the incident and damages Plaintiff is alleging (Request for Production No. 7)
- Medical documents prepared by Plaintiff's health care provider (Request for Production Nos. 9, 10)
- Medical documents relevant to any injuries Plaintiff sustained prior to the alleged incident (Request for Production No. 11)

- Plaintiff's financial information such as tax return information, paycheck stubs, Social Security or Benefits earnings, and any documents to support Plaintiff's contention of loss of wages (Request for Production Nos. 12, 13, 14, 15)
- Plaintiff's commercial flight history before and since the alleged incident (Request for Production Nos. 19, 20, 21)
- Documents, and finally, facts and documents related to Plaintiff's responses to United's first set of interrogatories (Request for Production Nos. 23, 28, 29)

The Court find that these subjects are all pertinent to the claims and defenses in this case and, therefore, Plaintiff's communications, documents, and facts regarding those subjects are clearly relevant and discoverable.

Nonetheless, Plaintiff resists providing complete responses on two grounds. First, she asserts that some of the requests are overbroad, vague, and unduly burdensome. Docket No. 72 at 2. Second, she asserts that these documents are not in her possession. *Id.* at 3, 5-7. Neither argument justifies the failure to produce documents.

As to the first argument, the Court finds that the scope of the requests for production are not overly broad and are directed to obviously relevant information. The Court reiterates that the scope of relevant discovery remains broad. Plaintiff has already produced some responsive documents and has effectively conceded that the subject matter identified is generally relevant. *See, e.g.*, Docket No. 72. Plaintiff states she has now determined that parts of these same responsive documents are not relevant or are overbroad; however, Plaintiff's *ex parte* determination is insufficient justification to withhold the documents. *Cf. Smith v. Logansport Comm. School Corp.*, 139 F.R.D. 638, 648 (N.D. Ind. 1991) ("There is no middle ground entitling [a responding party] to produce some documents and withhold others, depending on her *ex parte* determination of relevancy").

As to the second argument, Plaintiff is not excused from discovery by the bare assertion that she has "done her best" to provide the requested documents. Docket No. 72 at 6. To demonstrate a lack of possession, custody, or control of the requested documents, parties must go further than a cursory search. *Larue,* 2015 WL 9890798 at 3 (D. Or. Dec 22, 2015) (citing *U.S. v.*

*Seetapun*, 750 F.2d 601, 605 (7th Cir. 1984)). Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents. *See Meeks v. Parsons*, 2009 WL 3003718, *4 (E.D. Cal. Sept. 18, 2009). Plaintiff's justification for failing to provide documents is insufficient evidence to demonstrate a lack of possession. Docket No. 72.

**IV. CONCLUSION**

For the reasons discussed more fully above, Defendant's motion to compel is **GRANTED**. The Court **ORDERS** Plaintiff to produce documents in response to Defendant's requests for production and/or to supplement her response to fully describe the search she conducted for responsive documents by October 12, 2018. The Court **DENIES** without prejudice Defendant's request for sanctions. No later than October 1, 2018, defendant may file a motion for sanctions that complies in full with all caselaw and rules.

IT IS SO ORDERED.

Dated: September 24, 2018

_____
Nancy J. Koppe
United States Magistrate Judge