UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

K.D.,

    Plaintiff,

v.

UNITED AIRLINES, INC., *et al.*,

    Defendants.

Case No.: 2:17-cv-02825-RFB-NJK
**Order**

[Docket No. 81]

Pending before the Court is Defendant United Airlines' motion for sanctions. Docket No. 81. The Court has considered Defendant's motion, Plaintiff's response and Defendant's reply. Docket Nos. 81, 89, 92. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-2. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part Defendant's motion for sanctions.

**I.    BACKGROUND**

The instant case alleges two causes of action, battery and negligence, related to a United flight Plaintiff undertook on October 26, 2016. Docket No. 1-1 at 5-9. The Court entered a scheduling order setting the discovery deadline for August 13, 2018. Docket No. 10. Pursuant to the parties' joint request, discovery was extended to November 9, 2018. Docket No. 61.

On August 30, 2018, Defendant filed a motion to compel discovery for Plaintiff's refusal to produce documents in response to Defendant's supplemental request for production. Docket No. 66. On September 24, 2018, the Court granted Defendant's motion to compel in its entirety.

1

Docket No. 75. The Court found that the scope of the requests for production was not overly broad and that the requests were directed at relevant information. *Id*. at 3. The Court also found that Plaintiff's *ex parte* determination of relevancy was an insufficient justification for withholding the information, and that her bare assertion that she sufficiently tried to produce the documents was deficient. *Id*. at 3.

Defendant now contends that Plaintiff's responses remain deficient and that Plaintiff continues to withhold documents and information despite the Court's order. Docket No. 81 at 2-3. Defendant asks the Court to sanction Plaintiff pursuant to Rule 37(b) for failure to comply with the Court's order. *Id*. at 3.

## II. DISCUSSION

A. Plaintiff Violated the Court's September 24, 2018, Order

Defendant submits that Plaintiff is engaging in a deliberate attempt to conceal information and documents concerning her alleged damages. *Id*. Since the Court's September 24, 2018, motion to compel, Defendant submits there are still twelve outstanding requests for production and four missing supplements to Plaintiff's interrogatory. *Id*. at 6-12

In response, Plaintiff submits that she has provided all the documentation in her possession, that she sufficiently outlined her efforts to supplement, and that she believes the Court's order did not specifically compel her to supplement her interrogatories or provide releases. Docket No. 89 at 1-2. Plaintiff also submits that she has not shown a pattern of discovery abuse. *Id*. at 2.

Plaintiff's response attempts to assert hollow justifications and shift blame for her lack of compliance with the Court's order. Of note, Plaintiff's motion contains no legal authority in support of the argument she presents.[1] *Id*. Moreover, Plaintiff's arguments are underdeveloped and dubious. The Court's order clearly granted, in full, Defendant's motion to compel, which specifically listed the still-outstanding requests for production and interrogatory responses. *See* Docket No. 75. Further, Plaintiff's assertion that she has complied with discovery is simply not true, as Defendant's list of sixteen outstanding requests clearly demonstrates. *See* Docket No. 81.

---

[1] Pursuant to LR 7–2, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

2

B. Sanctions

Defendant asks the Court to sanction Plaintiff under Federal Rule of Civil Procedure 37(b). Docket No. 81 at 3. First, and most significantly, Defendant contends that terminating sanctions are appropriate because Plaintiff is engaged in a deliberate attempt to conceal information and documents at such a level as to threaten the Court's ability to conduct a trial. *Id*. In the alternative, Defendant asks the Court to order preclusion sanctions for Plaintiff's claims of emotional distress, loss of earning, and loss of earnings ability. *Id*. Defendant also asks the Court to order Plaintiff to pay its reasonable attorneys' fees and costs. *Id*.

The party requesting sanctions bears the burden of establishing that the opposing party failed to comply with the disclosure requirements. *Silvagni v. Wal-Mart Stores, Inc.,* 320 F.R.D. 237, 241–42 (citing *Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011)). If a movant satisfies that burden, courts have "particularly wide latitude" in exercising their discretion to impose sanctions. *See, e.g.*, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In exercising that discretion, courts determine first whether the failure to comply with the disclosure requirements was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of establishing either compliance with the Court's order or substantial justification or harmlessness. *See, e.g.*, *Yeti by Molly*, 259 F.3d at 1107.

Here, as noted *supra*, Defendant has shown that Plaintiff failed to provide the required discovery and, therefore, failed to comply with the Court's order. *See, e.g.* Docket No. 81. Plaintiff's response lacks legal analysis and delivers no real attempt to establish substantial justification or harmlessness. Docket No. 89.

*i. Appropriate Sanctions*

The district court has great latitude in imposing sanctions under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425–26 (9th Cir. 1985). Federal Rule of Civil Procedure 37(b) provides the court with a wide range of sanctions for a party's failure to comply with the Court's orders. "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*,

484 U.S. 400, 425 (1988). Rule 37 authorizes dismissal of a complaint, entry of default judgment, and awards of fees and costs as discovery sanctions. However, striking a party's pleadings is a harsh penalty and "should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of the City of Los Angeles,* 782 F.2d 829, 831 (9th Cir.1986).

Due process requires that the sanctions for discovery abuses be just and that the sanctions relate to the claims which were at issue in the relevant discovery order at issue. *Kyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 591 (9th Cir.1983). In deciding whether to grant a motion for terminating sanctions under Rule 37(b)(2)(A), the Court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 162, 1169 (9th Cir. 2012). Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against them. Therefore, the third and fifth factors are generally decisive in the inquiry. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Computer Task Group, Inc.*, 364 F.3d at 1115.

    *i.*    *The Risk of Prejudice to the Other Party*

The failure to produce discovery as ordered is considered sufficient prejudice to the opposing party. *Payne*, 121 F.3d at 508 (internal citation omitted). The actions of an opposing party that impair the ability to go to trial or interfere with the rightful decision of the case are prejudicial. *Id.* Where a party fails to tender discovery until the eve of the discovery cut-off or after the discovery cut-off, the opposing party is foreclosed of any meaningful opportunity to follow up on that information or to incorporate it into its litigation strategy. *Id.*

Here, Plaintiff has refused to meaningfully participate in discovery. Plaintiff has failed to produce thirteen discovery documents, all which were listed in the Court's order to compel, including her therapy session notes, medical documents, documents to support her claim of lost commissions, tax returns and employment documentations, social security personal earnings, and transportation documents. Docket No. 92 at 3-6. Not only did she fail to provide this information

during the discovery period, she also failed to comply with the Court's order directing her to provide the information.

In no uncertain terms, the Court ordered Plaintiff to produce documents in response to Defendant's request for production and/or to supplement her responses to fully describe the search she conducted. Docket No. 75 at 4. In granting Defendant's motion to compel in its entirety, the Court ordered Plaintiff to provide the facts and documents United requested, including the facts and documents related to Plaintiff's responses to United's first set of interrogatories. *Id*. at 3. Clearly, Plaintiff's failure to produce discovery is prejudicial.

    *ii.*    *The Availability of Less Drastic Sanctions*

The Court must consider the availability of less drastic sanctions before imposing a case-dispositive sanction. The Ninth Circuit looks to (1) whether the Court considered lesser sanctions; (2) whether it tried lesser sanctions; and (3) whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *See, e.g., Hester,* 687 F.3d at 1170. The Court may consider all the offending party's discovery conduct when making its determination of the appropriate sanction. *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 947 (9th Cir. 1995). However, for a case-dispositive sanction to be appropriate, the disobedient party's conduct must be due to willfulness, fault, or bad faith. *Id.* at 946–47.

In this case, Plaintiff has failed to provide the required information and documentation. While Plaintiff's production has been flawed, it does not yet rise to the level of willfulness or bad faith. Plaintiff has yet to demonstrate a pattern of failures to comply that would warrant the harshness of a case-dispositive sanction at this juncture. Further, a less drastic sanction is available and, in this instance, a more appropriate measure to correct the adverse effects of Plaintiff's discovery violations.

    *iii.*    *Exclusion Sanctions*

In the alternative to terminating sanctions, Defendant submits that the Court should order preclusion sanctions for Plaintiff's arguments and evidence of alleged emotional distress, alleged loss of earnings, and alleged loss of earning ability. Docket No. 81 at 3.

In practice, exclusion sanctions are generally limited to "extreme situations." *See, e.g.*, *City & County of San Francisco v. Tutor–Saliba*, 218 F.R.D. 219, 222 (N.D. Cal. 2003). Courts are leery of imposing the harsh sanction of exclusion absent a significant possibility of prejudice due to the untimeliness of the disclosure. *Silvagni*, 320 F.R.D. at 243 & n.6. "Lesser sanctions and other measures are generally more appropriate than evidence preclusion when the disclosure is provided during the discovery period and the delay can be remedied during the existing discovery period or with a limited and brief extension of discovery." *Silvagni*, 320 F.R.D. at 243 (quoting *Jones v. Wal–Mart Stores, Inc.*, 2016 WL 1248707, at *7 (D. Nev. Mar. 28, 2016)).

Additionally, when an exclusion sanction is tantamount to dismissal of a claim, the court must also consider whether the non-compliance involved willfulness, fault, or bad faith. *R&R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012). Although a finding of willfulness or bad faith is not otherwise required, willfulness or bad faith is a factor in deciding the appropriate level of sanctions to impose. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011).

Here, the Court finds three reasons exclusionary sanctions are inappropriate. First, the current posture of the case suggests that exclusionary sanctions at this point would be preemptive. The deadline for discovery was November 9, 2018, and the deadline for dispositive motions is December 10, 2018. Docket No. 61 at 3. Second, Plaintiff's violation of the Court order, while frustrating to the discovery purpose, does not, at this point, rise to the level of bad faith. Finally, in this case, an exclusion sanction of Plaintiff's argument and evidence concerning her emotional distress, loss of earnings, and earning ability would be tantamount to the dismissal of Plaintiff's claims in those areas. In light of the above, the Court finds exclusionary sanctions are inappropriate.

Nonetheless, Plaintiff's conduct has required the Court to intervene yet again in the discovery process to manage her compliance. The Court's order to compel discovery was clear and complete; however, Plaintiff failed to comply with the order despite warnings of the consequences of doing so. The Court, therefore, sanctions Plaintiff, and awards Defendant reasonable costs and attorneys' fees incurred in preparing and filing the motion for sanctions.

The Court will allow Plaintiff one final opportunity to provide the outstanding discovery and supplement her interrogatory responses. Plaintiff shall, no later than November 26, 2018, provide the documents and supplement her interrogatory responses as ordered in Docket No. 75. Failure to do so may result in further sanctions.

    *iv.*    *Attorneys' Fees*

Defendant asks the Court to order Plaintiff to pay its reasonable attorneys' fees and costs in bringing the instant motion. Docket No. 81 at 3. Federal Rule of Civil Procedure 37(b) authorizes a court to grant reasonable expenses, including attorneys' fees, caused by a party's failure to comply with a discovery order, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *See Hyde & Drath v. Baker,* 24 F.3d 1162, 1171 (9th Cir.1994). Here, there is nothing to suggest Plaintiff's failure was substantially justified or that there are extenuating circumstances making an award of expenses unjust.

Accordingly, Defendant's motion for sanctions, Docket No. 81, is **GRANTED** in part and **DENIED** in part according to the provisions herein. The Court sanctions Plaintiff in the amount of Defendant's reasonable attorneys' fees and costs incurred in preparing and filing the motion for sanctions.

IT IS FURTHER ORDERED as follows:

1. Defendant shall submit an affidavit of reasonable attorneys' fees and costs, incurred in bringing this motion no later than December 7, 2018. The memorandum shall provide a reasonable itemization and description of work performed, identify the attorneys performing the work, the customary fee for the attorneys for such work, and the experience, reputation, and ability of the attorneys performing the work.

2. Plaintiff shall have until **December 14, 2018**, to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

3. Plaintiff must, no later than November 26, 2018, comply in full with the Court's order at Docket No. 75.

IT IS SO ORDERED.

Dated: November 16, 2018.

_____
Nancy J. Koppe
United States Magistrate Judge