UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

K.D.

    Plaintiff(s),

v.

UNITED AIRLINES, INC., et al.,

    Defendant(s).

Case No.: 2:17-cv-02825-RFB-NJK

**Order**

[Docket Nos. 82, 83]

Pending before the Court is Defendant United's motion to compel discovery and for sanctions. Docket Nos. 82, 83. The Court has considered Defendant's motion, Plaintiff's response in opposition, and Defendant's reply. Docket Nos. 82, 90, 91. The Court finds that the motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Defendant's motion to compel, Docket No. 82, is hereby **GRANTED** in part and **DENIED** in part, and Defendant's motion for sanctions, Docket No. 83, is **GRANTED**.

**I.    BACKGROUND**

The instant case alleges two causes of action, battery and negligence, related to a United flight on which Plaintiff was a passenger on October 26, 2016. Docket No. 1-1 at 5-9. The parties are currently before the Court regarding discovery disputes arising out of Plaintiff's refusal to answer certain questions during the first part of her deposition. Docket No. 82 at 4.

. . .

. . .

## II. STANDARDS

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to discovery rules). The party resisting discovery must state, in detail, the reasons why each request is irrelevant or otherwise objectionable, and may not rely on generalized, conclusory, or speculative arguments. *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

The scope of proper discovery is limited to relevant matter. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes. *E.g.*, *Shaw v. Experian Info. Solutions., Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Even after the 2015 amendments to the discovery rules, relevance remains broad in scope. *See, e.g.*, *Fed. Nat'l Mrtg. Assoc. v. SFR Investments Pool 1, LLC*, Case No. 2:14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

In depositions, any objection to a deposition question must be noted on the record, but the examination proceeds and the testimony is taken subject to the objection. Fed. R. Civ. P. 30(c)(2). Only a limited class of objections is proper in depositions and, in those instances, counsel should

state the objection, then permit the witness to answer. *See In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 618 (D. Nev. 1998). Deponents may refuse to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Fed.R.Civ.P. 30(c)(2). Rule 30(d)(3) permits a party to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed.R.Civ.P. 30(d)(3). However, the embarrassment or annoyance from unfavorable answers is not the sort to which Rule 30(d)(3) protects. *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. at 619.

Rule 37(a)(3)(C) permits a party whose deposition questions were unanswered to either complete the deposition or adjourn the examination before moving for an order compelling disclosure. Rule 37(a)(5) directs that the court require a party or deponent whose conduct necessitated a motion to compel to pay the movant's reasonable expenses in making the motion, including attorneys' fees unless: (1) the motion was filed without a good faith effort to resolve the dispute without court action; (2) the party's objection was substantially justified; or (3) other circumstances make an award of expenses unjust.

**III. ANALYSIS**

  A. Motion to Compel

The discovery dispute before the Court involves six questions Plaintiff did not answer during the first part of her deposition. The questions are:

- Identify the ten addresses where Plaintiff currently lives
- Identify the friend with whom Plaintiff lives
- Identify Plaintiff's boyfriend's addresses
- Identify Plaintiff's boyfriend's place of employment
- Identify Plaintiff's boyfriend's date of birth
- Whether Plaintiff's friend, with whom she allegedly spoke before and during the incident, lives alone

Defendant contends that the questions are relevant, that Plaintiff's objections during the deposition were improper, and that Plaintiff is stonewalling discovery. Docket No. 82 at 4-6.

Defendant submits it provided Plaintiff an opportunity to provide written answers to the outstanding question, and Plaintiff refused. Docket No. 83 at 8. Defendant now asks the Court to order Plaintiff to be deposed at the courthouse under the supervision of a judge. Docket No. 82 at 6.

In response, Plaintiff asserts three justifications for refusing to answer the deposition questions. First, Plaintiff contends that the information is not directly relevant, nor is it likely to produce information that is relevant to the claims in this case. Docket No. 90 at 2, 4. Second, Plaintiff submits the release of the information will compromise her privacy and safety. *Id*. at 2. Third, Plaintiff contends that Defendant's intent in filing the motion is to intimidate, harass, or embarrass her and her loved ones. *Id*. at 3-5. Plaintiff contends she has provided the names and telephone numbers of two friends who have knowledge of the events, as well as the name and telephone number of Plaintiff's boyfriend. *Id*. at 3. Plaintiff's response attempts to deflect the improper deposition objections by citing Plaintiff's concerns for safety and privacy. *Id*. at 3. Plaintiff's response, however, contains no legal authority whatsoever to support the arguments she presents.[1]

In reply, Defendant submits that the information is relevant for several reasons. First, Defendant contends that these individuals may have relevant information about Plaintiff's conduct during and after the incident. Docket No. 91 at 2. Defendant submits that Plaintiff discussed the incident, either during or after, with the identified friends and boyfriend. Docket No. 91 at 2. Defendant further submits that Plaintiff alleges that her emotional distress has resulted in her residing with friends and, therefore, information from these individuals is relevant. *Id*. Additionally, Defendant submits the questions are not designed to harass Plaintiff, but rather designed solely to solicit information that may help in investigating the claims and to defend the case. *Id*. at 3. Further, Defendant contends that any concerns regarding Plaintiff's safety and privacy are unfounded and can be mitigated by designating parts of the testimony as "attorney eyes

---

[1] Pursuant to LR 7–2, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

4

only." *Id*. at 3-4. Finally, Defendant submits that Plaintiff's objections to deposition questions were improper. *Id*. at 4.

Plaintiff has failed to meet her burden of showing why the requested discovery should not be permitted. While the Court is not required to examine the merits of the issue considering Plaintiff's failure to submit points and authorities, the Court has done so and finds that the information requested is clearly relevant. Plaintiff herself concedes that at least some of these individuals have knowledge of the events in the instant case. Docket No. 90 at 3. Plaintiff conversed with the other individuals either during or subsequent to the alleged incident and alleges to be living with friends as a result of the trauma from the incident. The Court also finds that Plaintiff's stated safety concerns are unfounded. There is nothing to suggest that Defendant's motive in seeking the information is to harass, threaten, intimidate, or humiliate Plaintiff, nor is there anything to suggest Defendant would provide the information to someone who would do so. Accordingly, the Court **GRANTS** Defendant's motion to compel.

B. Courthouse Deposition

Defendant asks the Court to order Plaintiff to be deposed at the courthouse under the supervision of a judge. Docket No. 82 at 6. Defendant contends Plaintiff's deposition was extremely challenging but does not provide other justification as to why a courthouse deposition is necessary. *See id*. Accordingly, Defendant's request for a courthouse deposition is **DENIED**.

C. Sanctions

Defendant asks the Court to order Plaintiff to pay its reasonable attorneys' fees and costs in bringing the instant motion. Docket No. 83. Federal Rule of Civil Procedure 37(b) authorizes a court to grant reasonable expenses, including attorneys' fees, caused by a party's failure to comply with a discovery order, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *See Hyde & Drath v. Baker,* 24 F.3d 1162, 1171 (9th Cir.1994).

Plaintiff submits attorneys' fees are not warranted because she is substantially justified in attempting to protect her significant other and friends from potential retaliation. Docket No. 90 at

5. Plaintiff also argues that an imposition of sanctions would be unjust as Plaintiff was only trying to protect loved ones from her alleged assaulter. *Id*.

Plaintiff's stated concerns regarding safety, retaliation, and privacy in refusing to provide discovery are completely unfounded. Plaintiff's *ex parte* determination of relevancy is irrelevant, and her refusal to answer deposition questions is completely improper. Accordingly, the Court finds that Plaintiff is not substantially justified in withholding her responses, and that no extenuating circumstances exist to make an award of fees and costs unjust.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to compel, Docket No. 82, is **GRANTED** in part and **DENIED** in part, and Defendant's motion for sanctions, Docket No. 83, is **GRANTED**.

IT IS FURTHER ORDERED as follows:

1) Plaintiff shall submit to a further deposition, and shall respond to the six outstanding deposition questions no later than December 10, 2018.

2) Defendant shall submit a declaration of reasonable attorneys' fees and costs incurred in bringing this motion, no later than December 10, 2018. The declaration shall provide a reasonable itemization and description of work performed, identify the attorneys performing the work, the customary fee for the attorneys for such work, and the experience, reputation, and ability of the attorneys performing the work. No later than December 17, 2018, Plaintiff may respond to the reasonableness of the fees and costs requested. No later than December 19, 2018, Defendant may reply to Plaintiff's response.

IT IS SO ORDERED.

Dated: November 26, 2018

_____
Nancy J. Koppe
United States Magistrate Judge