# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

K.D., an individual,

    Plaintiff(s),

v.

UNITED AIRLINES, INC., et al.,

    Defendant(s).

Case No.: 2:17-cv-02825-RFB-NJK

**Order**

[Docket No. 98]

Pending before the Court is Plaintiff's renewed motion to seal Exhibit 1 to Plaintiff's response to Defendant United Airlines, Inc.'s motion to compel. Docket No. 98. For the reasons discussed below, Plaintiff's motion to seal, Docket No. 98, is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiff filed a response to Defendant's motion for attorney fees and, in support of the motion, included a redacted declaration by Plaintiff. Docket No. 90-1. On November 13, 2018, the Court ordered Plaintiff to file an unredacted declaration, or to the extent she believes the document needs to be filed under seal, to comply with the Court's order regarding filing documents under seal. Docket No. 93. On November 16, 2018, Plaintiff filed a renewed motion to seal with a sealed addendum containing Plaintiff's unredacted declaration. Docket Nos. 95, 96. On November 19, 2018, the Court denied Plaintiff's motion to seal, but granted Plaintiff one final opportunity to demonstrate good cause for her requested redactions. Docket No. 97. On

November 21, 2018, Plaintiff filed the instant renewed motion to seal, which again asks the Court to allow the filing of the requested redactions under seal. Docket No. 98.

## II. STANDARDS

There is a strong presumption of public access to judicial files and records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).

Any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## III. ANALYSIS

Here, Plaintiff seeks to file the declaration with sealed redactions because the declaration contains Plaintiff's name, information regarding non-party individuals, and alleged proprietary information regarding Plaintiff's employer. Docket No. 98 at 3.

First, Plaintiff submits that the requested redactions are appropriate in order to protect Plaintiff's identifying information; however, there does not appear to be any identifying information in the declaration other than Plaintiff's name. *Compare* Docket No. 90-1 *with* Docket No. 95-1. Nonetheless, the Court has already ordered that Plaintiff may proceed under her initials. *See* Docket No. 57. Accordingly, Plaintiff's request the redaction of her full name in the declaration is **GRANTED**.

Second, Plaintiff's renewed motion submits that her requested redactions are appropriate to prevent the release of personal and sensitive information regarding Plaintiff's significant other and friends who are not parties to this litigation. Docket No. 98 at 4-5. Local Rule IC 6-1 requires redaction of personal-data identifiers from documents; however, it does not support redaction of non-party names. Further, this court has previously held that redaction of confidential information, not including non-parties' names, is sufficient to protect confidential information. *See Fosbre v. Las Vegas Sands Corporation*, 2017 WL 44847, *1 (D. Nev. Jan. 3, 2017) (allowing confidential information about non-parties' business practice to be redacted but not redacting the non-party names); *see also Murnane v. Las Vegas Metropolitan Police Dept.*, 2015 WL 5638224, *8-9 (D. Nev. Sept. 23, 2015) (redacting some confidential information, but not redacting non-party victim and witness names, in police department records). Accordingly, the redaction of non-parties' names is **DENIED** and the redaction of personal-data identifiers, such as addresses and telephone numbers, is **GRANTED**.

Finally, Plaintiff asks for the redaction of certain information to prevent the release of confidential and proprietary information regarding her employer's "deal flow." Docket No. 98 at 3. Plaintiff contends the declaration contains insider information that the employer does not want revealed about potentially ongoing deals that the employer "may be attempting" to close. *Id*. at 6. Plaintiff's statements of proprietary information are speculative and unsupported. Generalized assertions of proprietary or confidential information are insufficient to support sealing the requested redactions. *Vaccine Ctr. LLC v. GlaxoSmithKline LLC,* 2013 U.S. Dist Lexis 68398, *5-6 (D.Nev. May 14, 2013). Therefore, the redaction of Plaintiff's employer's information is **DENIED**.

. . .

. . .

. . .

. . .

. . .

Accordingly, the motion to seal is **GRANTED** in part and **DENIED** in part as outlined above. Plaintiff shall file a properly redacted declaration, in accordance with this order, no later than November 30, 2018.

IT IS SO ORDERED.

Dated: November 26, 2018

_____
Nancy J. Koppe
United States Magistrate Judge