BRYAN NADDAFI, ESQ.
Nevada Bar No. 13004
OLYMPIA LAW, P.C.
9480 S. Eastern Avenue, Suite #257
Las Vegas, Nevada 89123
Telephone No. (702) 522-6450
Email: bryan@olympialawpc.com
*Attorneys for Plaintiff K.D.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| K.D., an individual, | |
| Plaintiff, | CASE NO.: 17-cv-02825-RFB-NJK |
| vs. | |
| UNITED AIRLINES, INC., a foreign Corporation; PATRICK ROARK LARABY; DOE Individuals I through X; ROE Corporations and Organizations I through X, | **STIPULATION AND ORDER TO AMEND COMPLAINT AND SET TIME TO FILE RESPONSIVE PLEADING** |
| Defendants. | |
| UNITED AIRLINES, INC., | |
| Cross-Claimant, | |
| PATRICK ROARK LARABY, | |
| Cross-Defendant. | |

IT IS HEREBY STIPULATED AND AGREED to, by Plaintiff K.D. ("Plaintiff") by and through her attorneys of record, Bryan Naddafi, Esq. of Olympia Law P.C. and UNITED AIRLINES, INC. ("United") by and through its attorneys of record Michael

- 1 -

Cutler, Esq. of Victor Rane Group and PATRICK ROARK LARABY ("Laraby") by and through his attorneys of record Eric O. Freemen, Esq. of Selman Breitman LLP, that Plaintiff be permitted to amend her First Amended Complaint filed on May 22, 2018 (Docket No. 33) with the proposed Second Amended Complaint attached hereto as **Exhibit 1**. It is FURTHER STIPULATED AND AGREED that United and Laraby shall file responsive pleadings to the proposed Second Amended Complaint by or before December 31, 2018.

Good cause is shown to support this stipulation and order, since the parties have agreed to the above pursuant to Federal Rules of Civil Procedure Rule 15(b)(2).

DATED this 10th day of December 2018.    DATED this 10th day of December 2018.

**OLYMPIA LAW, P.C.**                    **VICTOR RANE GROUP**

  /s/ Bryan Naddafi_____         /s/ Michael Cutler_____
BRYAN NADDAFI, ESQ.                      MICHAEL CUTLER, ESQ.
Nevada Bar No. 13004                     *Pro Hac Vice*
9480 S. Eastern Avenue, Suite #257       9350 Wilshire Blvd., Suite 308
Las Vegas, Nevada 89123                  Beverly Hills, CA 90212
Telephone No. (702) 522-6450             Telephone No. (310) 388-4849
Email: bryan@olympialawpc.com            Email: mcutler@victorranegroup.com
*Attorneys for K.D.*                     *Attorneys for United*


DATED this 10th day of December 2018.

**SELMAN BREITMAN LLP**


  /s/ Eric Freeman_____
ERIC O. FREEMAN
Nevada Bar No. 6648
3993 Howard Hughes Parkway, Suite 200 Las Vegas, NV 89169-0961
Telephone No. (702) 430-5907
Email:  efreenab@selmankaw.com
*Attorneys for Laraby*

\\

**IT IS SO ORDERED**

Plaintiff is granted leave to amend her First Amended Complaint (Docket No. 33), and file her proposed Second Amended Complaint (Exhibit 1) within one day of this Order. It is further ordered that United and Laraby shall file responsive pleadings to Plaintiff's Second Amended Complaint on or before December 31, 2018.

DATED this __11th__ day of December 2018.

_____.
RICHARD F. BOULWARE, II
United States District Judge

Respectfully submitted,

**OLYMPIA LAW, P.C.**

By: __/s/ Bryan Naddafi_____
BRYAN NADDAFI, ESQ.
Nevada Bar No. 13004
9480 S. Eastern Avenue, Suite #257
Las Vegas, Nevada 89123
Telephone No. (702) 522-6450
Email: bryan@olympialawpc.com
*Attorneys for K.D.*

EXHIBIT 1

BRYAN NADDAFI, ESQ.
Nevada Bar No. 13004
OLYMPIA LAW, P.C.
9480 S. Eastern Avenue, Suite #257
Las Vegas, Nevada 89123
Telephone No. (702) 522-6450
Email: bryan@olympialawpc.com
*Attorneys for Plaintiff K.D.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| K.D., an individual, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 17-cv-02825-RFB-NJK |
| | ) |
| vs. | ) |
| | ) |
| UNITED AIRLINES, INC., a foreign | ) **SECOND AMENDED COMPLAINT** |
| Corporation; PATRICK ROARK LARABY; | ) |
| DOE Individuals I through X; ROE Corporations and Organizations I through X, | ) |
| | ) |
| Defendants. | ) |
| UNITED AIRLINES, INC., | ) |
| Cross-Claimant, | ) |
| PATRICK ROARK LARABY, | ) |
| Cross-Defendant. | ) |

COMES NOW, Plaintiff K.D., an individual by and through her attorneys, OLYMPIA LAW, P.C., and complains and alleges as follows:

1. That at all times relevant herein, Plaintiff, K.D., an individual (hereafter "Plaintiff") was a resident of the state of Nevada and over the age of eighteen.
2. That at all times relevant herein, Defendant, UNITED AIRLINES, INC. (hereafter "United") was a foreign corporation registered with the Nevada Secretary of State and conducting business in the state of Nevada.
3. That at all times relevant herein, Defendant, PATRICK ROARK LARABY. (hereafter "Lararby") was an individual domiciled in Washington D.C.
4. On or about October 26, 2016, Plaintiff was a passenger on a United flight from Houston, Texas to Las Vegas, Nevada (hereafter "Flight").
5. Plaintiff was flying first class in United's aircraft.
6. Before takeoff, Plaintiff was seated directly next to a sleeping male passenger Laraby who identity was not known by Plaintiff at that time.
7. Immediately after the airplane door closed, Laraby woke up and spilled his wine onto Plaintiff.
8. Plaintiff expressed her displeasure to Laraby, who then apologized and fell back asleep.
9. While the airplane was taxing to the runway, Laraby woke up and proceeded to grab and pull Plaintiff's hair.
10. Thereafter, Laraby reached over and grabbed Plaintiff's breasts.
11. Plaintiff immediately slapped Laraby's hands away using the arm rest.
12. When the airplane was in the air, Laraby grabbed at Plaintiff's groin area.
13. Plaintiff notified the flight crew (hereafter "United's Crew") of Laraby's inappropriate, offensive and harassing conduct.
14. United's Crew walked over to Laraby and told him not to make any further inappropriate touches or advances onto Plaintiff. United's Crew made no attempt to restrain, remove or change the seat of Laraby nor did they threaten Laraby with any such action. Plaintiff was forced to remain seated next to Laraby.
15. Soon thereafter, the airplane cabin went dark.

16. While the airplane cabin was dark, Laraby again grabbed Plaintiff in her private areas.
17. Plaintiff fought off Laraby, which caused noise and commotion.
18. At this point in time, United's Crew came over to Plaintiff and asked what was wrong. Plaintiff again informed United's Crew that Laraby was touching and grabbing her inappropriately.
19. Plaintiff asked that Laraby be moved or that United's Crew move her to another seat for her own safety.
20. In response, United's Crew did nothing. They refused to move either Plaintiff or Laraby to a new seat. Instead, they left Plaintiff alone with Laraby, who continued to sit beside her.
21. Over the course of the next hour, Plaintiff was repeatedly accosted both verbally and physically by Laraby, who acted with perceived impunity based on United Crew's complete lack of care and supervision and callous disregard for Plaintiff's pleas for assistance.
22. Finally, another passenger (hereinafter "Good Samaritan Passenger") stepped in to help Plaintiff. The Good Samaritan Passenger offered his seat to Plaintiff to get her away from Laraby. Plaintiff gladly accepted this offer.
23. In order to move from her window seat to the new seat, Plaintiff had to maneuver past Laraby, who was still seated directly next to her.
24. Plaintiff again appealed to United's Crew for assistance. She requested that, at the very least, United's Crew compel Laraby to temporarily move from his seat while she exited hers so that she could avoid any further physical harassment from Laraby.
25. Again, United's Crew ignored Plaintiff's request for help. Therefore, as Plaintiff exited her window seat, she was forced to maneuver past Laraby, who remained seated beside her. As Plaintiff moved past him to change seats, Laraby used this as an opportunity to once again touch Plaintiff inappropriately.

26. After moving to a seat away from Laraby, Plaintiff requested that United's Crew log the incident and get the proper authorities in place at the gate for landing so that Laraby could be detained.

27. United's Crew indicated that the proper authorities would be present at the gate to detain Laraby.

28. However, after landing and disembarking, it became apparent to Plaintiff that United's Crew had done nothing to arrange for personnel to either detain Laraby or question anyone about the incident.

29. Plaintiff repeatedly requested that, at the minimum, United provide her with Laraby's name so that she could file a criminal complaint, but United refused her requests.

**FIRST CLAIM FOR RELIEF**

**(Battery – Laraby)**

30. Plaintiff repeats and re-alleges all preceding paragraphs as though they were fully set forth herein.

31. Laraby was a passenger on the Flight with Plaintiff.

32. During the Flight, Laraby repeatedly exercised force to inflict harmful or offensive physical contact upon the body of Plaintiff.

33. Laraby committed various acts of battery against Plaintiff on numerous occasions during the Flight and caused Plaintiff extreme fear and psychological, emotional and mental trauma.

34. In particular, Laraby committed various acts of sexual abuse against Plaintiff during the Flight.

35. As a direct, actual and proximate cause of Laraby's intentional acts of battery, Plaintiff has suffered the following damages:

   a. Medical and psychological services expenses;

   b. Past physical, emotional and mental pain and suffering;

   c. Future emotional, mental pain and suffering;

     d. Past and future loss of function of full mind and body; and

     e. Loss of earning capacity.

36. Laraby's acts of battery were intentional, constituting a willful and wanton disregard for the rights or safety of Plaintiff and were so directed at Plaintiff so as to entitle Plaintiff to an award of punitive damages from Laraby.

37. As a result, Plaintiff was damaged in an amount exceeding one million dollars ($1,000,000).

38. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### (Negligence - United)

39. Plaintiff repeats and re-alleges all preceding paragraphs as though they were fully set forth herein.

40. United owed Plaintiff various duties of care.

41. United breached the duties of care that it owed to Plaintiff.

42. United was entrusted with the care of its passengers such as Plaintiff.

43. United owed a duty to exercise the highest degree of care and diligence to provide for the safety and care of Plaintiff.

44. United breached its duty of care by not taking appropriate action to stop or prevent future occurrences of battery as against Plaintiff throughout the duration of the Flight.

45. United knew or should have known that it failed to protect Plaintiff during the Flight from physical and sexual abuse.

46. If United had not breached its duties, then Laraby would have been either restrained, removed from the Flight, or moved to another seat away from Plaintiff thus preventing Laraby's continued battery of Plaintiff.

47. Due to the abuse, including sexual abuse, that United negligently permitted to occur to Plaintiff, Plaintiff has suffered direct and extreme psychological, emotional and mental trauma and injury of a permanent nature. Said injuries require mental and psychological counsel for Plaintiff, who continues to suffer from decreased enjoyment of life.

48. United, through United's Crew, knew of the continuing abuse caused by Laraby and took no steps to prevent or otherwise hinder Laraby's continued battery of Plaintiff once they became aware of Laraby's actions.

49. As a direct, actual and proximate cause of United's actions or inactions, Plaintiff has suffered injury including:
    a. Medical and psychological services expenses;
    b. Past physical, emotional and mental pain and suffering;
    c. Future emotional, mental pain and suffering;
    d. Past and future loss of function of full mind and body; and
    e. Loss of earning capacity.

50. As a direct and proximate cause of United's negligence and/or reckless indifference to Plaintiff's health and safety, Plaintiff has suffered injury and harm and is entitled to damages from United.

51. United intentionally committed acts and/or omissions of an unreasonable character in disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow.

52. United's reckless indifference to Plaintiff's health, safety and welfare rose to the level of willful and wanton disregard for the rights or safety of Plaintiff and was so directed at Plaintiff so as to entitle Plaintiff to an award of punitive damages from United in relation to the incidents above.

53. As a result, Plaintiff was damaged in an amount exceeding one million dollars ($1,000,000).

54. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For Damages in an amount to be determined at trial;
2. For reasonable attorney fees and costs incurred herein; and
3. For such other and further relief as the Court may deem just and proper.

DATED this _____ day of December 2018.

**OLYMPIA LAW, P.C.**

_____
BRYAN NADDAFI, ESQ.
Nevada Bar No. 13004
9480 S. Eastern Avenue, Suite #257
Las Vegas, Nevada 89123
Telephone No. (702) 522-6450
Email: bryan@olympialawpc.com
*Attorneys for K.D.*