# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

K.D., an individual,

    Plaintiff(s),

v.

UNITED AIRLINES, INC., et al.,

    Defendant(s).

Case No.: 2:17-cv-02825-RFB-NJK

**Order**

[Docket No. 112]

Before the Court is Defendant's affidavit of reasonable attorneys' fees incurred in bringing a motion for sanctions for Plaintiff's violation of the Court's discovery order. Docket No. 112. Plaintiff filed a response. Docket No. 121. Defendant filed a reply in support of its affidavit. Docket No. 123.

## I. Background

On October 18, 2018, Defendant filed an emergency motion to compel discovery and a motion for attorneys' fees for the motion to compel. Docket Nos. 82, 83. On November 26, 2018, the Court granted Defendant's motion to compel in part and motion for attorneys' fees, and ordered Defendant to submit an affidavit of reasonable attorneys' fees and costs. Docket No. 99 at 6. The Court allowed Plaintiff to respond and Defendant to reply. *Id*.

## II. Propriety of Sanctions

As a threshold matter, Plaintiff contends that sanctions are not appropriate because she has an inability to pay. Docket No. 121 at 2. Plaintiff submits that she has lost her job with her

1

previous employer and, as a result, has no steady stream of income at this point. *Id*. at 3. Plaintiff also submits that she has no other means to pay a monetary sanction and that she borrowed money to pay her last monetary sanction. *Id*. at 3. Plaintiff asks the Court to either waive any monetary award to United or allow her to pay sanctions at the conclusion of trial. *Id*.

The ability of a party to pay is one factor a court should consider when imposing sanctions. *In re Yagman,* 796 F.2d 1165, 1185 (9th Cir.), *amended,* 803 F.2d 1085 (9th Cir.1986). Circuits that have addressed this issue have held the sanctioned party has the burden to produce evidence of inability to pay. *In re Kunstler,* 914 F.2d 505, 524 (4th Cir.1990), *cert. denied,* 499 U.S. 969, 111 S. Ct. 1607, 113 L.Ed.2d 669 (1991); *Dodd Ins. Services, Inc. v. Royal Ins. Co. of America,* 935 F.2d 1152, 1160 (10th Cir.1991).

In support of her assertion that she cannot pay sanctions, Plaintiff submits a bare bones declaration containing less than one page of substantive text. Docket No. 121-1. Plaintiff fails to even attempt to produce evidence of inability to pay. *Id.*

In reply, Defendant submits that Plaintiff's declaration fails to provide the Court with information regarding all of her sources of income for the past twelve months. Docket No. 123 at 4. Further, Defendant submits that Plaintiff has claimed an annual salary of $180,000 since 2015, and appears to own multiple real estate properties. *Id*. at 4-5. Defendant additionally submits that Plaintiff's 2012 divorce decree shows that she had additional assets, including retirement accounts, an art collection, an airplane, and 18 firearms. *Id*. Finally, Defendant submits that, even if Plaintiff carried her burden of providing financial indigence, this is not a case where relief from sanction is appropriate. *Id*. at 5.

The Court finds that Plaintiff's bare bones, unsupported assertions of indigence are insufficient to meet the burden of demonstrating an inability to pay, even without considering Defendant's submission regarding her assets.

**III. Lodestar Calculation**

Having already determined that Defendant is entitled to recover attorneys' fees incurred in bringing its motion to compel, Docket No. 99 at 6, the Court turns to the calculation of the fees. Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See,*

*e.g.*, *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

*A. Reasonable Hours*

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The reasonable amount of hours expended depends on the circumstances of each case. *See Camacho*, 523 F.3d at 978. The Court has a great deal of discretion in determining the reasonableness of the fee, although the Court may exclude hours related to overstaffing, duplication, and excessiveness. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)); *see also Hensley*, 461 U.S. at 433. In making the determination of the reasonableness of hours expended on such motions, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *See, e.g.*, *Marrocco*, 291 F.R.D. at 588.

Defendant seeks to recover fees for 19.1 hours in preparing the motion to compel. Docket No. 112. Defendant submits that associate attorney Michael Cutler spent 17.1 hours preparing its motion for sanctions between October 16, 2018, and November 12, 2018. Docket No. 112 at 3. Defendant submits a breakdown of the time Mr. Cutler spent on the motion. Docket No. 112-1. Defendant further submits that attorney Richard Lazenby spent 2 hours on the motion. Docket No. 112 at 4. Mr. Lazenby, a senior attorney to Mr. Cutler, spent this time reviewing and revising the motion and reply, and advising Mr. Cutler. Docket No. 112-2.

In response, Plaintiff contends that the time expended was excessive and should not all be recoverable. Docket No. 121 at 3-4. Plaintiff submits that Defendant has already been granted sanctions for motions that had "somewhat similar" issues to those raised in the instant motion. *Id.* at 3. Plaintiff further submits that, as Defendant's motion was only granted in part and part of

Defendant's request relief was denied, Defendant's proposed attorney hours are unreasonable and the request for sanctions should be denied. *Id*.

In reply, Defendant submits that the Court has, in the past, found that higher hours than those requested here were reasonable in similar motions to compel. Docket No. 123 at 6. Defendant contends that the motion was not repetitive of a prior motion and required substantial briefing. *Id.* at 7. Defendant also contends that, while the Court did not grant the courthouse deposition, it was justified in asking the Court to supervise Plaintiff's deposition based on Plaintiff's pattern of discovery abuse. *Id*. Finally, Defendant submits that Plaintiff did not cite any case law in her response to the motion. *Id*.

The Court has reviewed the hours submitted by Defendant. Most of the work was completed by an associate attorney, and a small amount of the time was expended by a senior attorney in reviewing the associate's work. The Court finds that no overstaffing or duplication of work occurred. Further, the Court has considered the need to review the documents, the complexity of the issues raised, and the length of the briefing. The Court finds the reasonable hours expended by Defendant's counsel on the motion to compel to be 8.2 hours considering all the necessary factors. Further, as the motion for attorneys' fees was substantially similar to the motion to compel, the Court finds that a total of one hour of work for Mr. Cutler for that motion is reasonable. Therefore, the Court finds that Mr. Cutler's reasonable hours are 9.2 for both motions.

*B. Hourly Rate*

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Court may also rely on its own familiarity with the rates in the community to

analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *Perrigo v. Premium Asset Servs., LLC*, 2015 WL 4597569, *10 (D. Nev. July 28, 2015).

In this case, Defendant seeks an hourly rate of $225 for Mr. Cutler, an attorney four years of experience and an hourly rate of $350 for Mr. Lazenby, an attorney with twenty years of experience. Docket No. 112. Counsel's declarations attest to the background and biographical information for these attorneys. *Id*. Accordingly, the Court finds the hourly rate of $225 for Mr. Cutler and $350 for Mr. Lazenby reasonable.

**IV. Conclusion**

For the reasons discussed above, the Court hereby awards Defendant its attorneys' fees in the sum of $2,770. Plaintiff must make payment to Defendant's counsel in this amount no later than January 25, 2019.

IT IS SO ORDERED.

Dated: January 11, 2019

_____
Nancy J. Koppe
United States Magistrate Judge