UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

K.D.,

    Plaintiff,

v.

UNITED AIRLINES, INC., *et al.*,

    Defendants.

Case No.: 2:17-cv-02825-RFB-NJK

**Order**

[Docket No. 103]

Pending before the Court is Defendant United Airlines' motion for sanctions. Docket No. 103. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 103, 120, 125. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-2. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part Defendant's motion for sanctions.

**I.    BACKGROUND**

The instant case alleges negligence related to a United flight on which Plaintiff was a passenger on October 26, 2016. Docket No. 1-1 at 5-9. The Court entered a scheduling order setting the discovery deadline for August 13, 2018. Docket No. 10. Pursuant to the parties' joint request, discovery was extended to November 9, 2018. Docket No. 61.

On August 30, 2018, Defendant filed a motion to compel discovery based on Plaintiff's refusal to produce documents in response to Defendant's supplemental request for production. Docket No. 66. On September 24, 2018, the Court granted Defendant's motion to compel in its

entirety and ordered Plaintiff to produce the outstanding discovery by October 12, 2018. Docket No. 75. The Court found that the scope of the requests for production was not overly broad and that the requests were directed at relevant information. *Id*. at 3. The Court also found that Plaintiff's *ex parte* determination of relevancy was an insufficient justification for withholding the information, and that her bare assertion that she sufficiently tried to produce the documents was deficient. *Id*. at 3.

On October 18, 2018, Defendant filed a second motion for Plaintiff's failure to comply with the Court's order requiring discovery. Docket No. 81. On November 16, 2018, the Court granted in part Defendant's motion and ordered Plaintiff to comply with the Court's order no later than November 26, 2018. Docket No. 94.

Defendant now contends that Plaintiff's responses remain deficient. Docket No. 103 at 3. Defendant asks the Court to sanction Plaintiff pursuant to Rule 37(b) for failure to comply with the Court's order. *Id*. at 7-10.

**II. STANDARDS**

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to discovery rules). The party resisting discovery must state, in detail, the reasons why each request is irrelevant or otherwise objectionable, and may not rely on generalized, conclusory, or speculative arguments. *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery

2

must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

The scope of proper discovery is limited to relevant matter. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes. *E.g.*, *Shaw v. Experian Info. Solutions., Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Even after the 2015 amendments to the discovery rules, relevance remains broad in scope. *See, e.g.*, *Fed. Nat'l Mrtg. Assoc. v. SFR Investments Pool 1, LLC*, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

### III. DISCUSSION

A. <u>Plaintiff Violated the Court's November 16, 2018 Order</u>

Defendant submits that, despite the Court's order requiring Plaintiff to supplement her discovery responses no later than November 26, 2018, the majority of the responses remain outstanding. Docket No. 103 at 5. Defendant contends that Plaintiff still has not produced: her weekly therapy session notes, her medical records from Dr. Gabroy, Dr. Schroder, Dr, Bennecorrt, and Dr. Corma, any documents in response to a request for documents from health care providers from 2011 to 2018; any documents that support her claim of lost commissions of $250,000; her tax returns for 2013 and 2014; unredacted versions of her tax returns from 2015 and 2017; unredacted versions of the W2 statements for 2015, 2016, and 2017; her social security personal earning and benefit estimate; all her transportation documents; any complaint she allegedly filed with the Federal Bureau of Investigation; any evidence to support her denial that she does not allege that Patrick Laraby works for United; and any supplementation to her interrogatory responses. *Id*. at 5-7.

In response, Plaintiff does not dispute that she has failed to provide: her weekly therapy session notes; her medical records or release forms for Dr. Gabroy, Dr. Schroder, Dr, Bennecorrt, and Dr. Corma; additional documents in support of her lost commissions claim; her unredacted tax filings for 2015 and 2017; her paycheck subs; releases for tax documents and social security

documents; her flight documents; documents related to Patrick Laraby's employment; and to supplement her interrogatory answers. Docket No. 120 at 4-5. Plaintiff contends, however, that she provided her tax transcripts from 2014 and 2017; her W2 wage and tax statements from 2013 to 2017; a printout of her social security earnings report from 2008 to 2017; documents from Dr. Galbroy's office; a written and attested verification for her previous interrogatory responses; and information regarding her previous employer during her depositions. *Id*. at 5. Plaintiff argues that Defendant is not prejudiced by her discovery failures, as the deadline for fact discovery has been extended and Defendants can still subpoena third parties for the documents. *Id.* Plaintiff's response provides no explanation for her non-compliance with the Court's order; rather she simply states that she has provided some discovery responses since the Court's previous order, despite her safety and privacy concerns. *Id*.

In reply, Defendant contends that sanctions are clearly appropriate in light of Plaintiff's repeated violations of the Court's orders, which Plaintiff does not dispute, and her continued discovery abuses. Docket No. 125 at 2.

Plaintiff does not dispute that she violated the Court's order or that she continues to withhold discovery material despite the Court's orders. The Court previously found that Plaintiff's refusal was unwarranted, unjustified, and prejudicial to Defendant. Accordingly, the Court finds that Plaintiff has violated the Court's order and that sanctions are appropriate.

B. Sanctions

Defendant asks the Court to sanction Plaintiff under Federal Rule of Civil Procedure 37(b). Docket No. 103 at 7. Defendant contends that terminating sanctions are appropriate because this is Plaintiff's second violation of a Court order and the fourth time Defendant has been forced to file a discovery-related motion against Plaintiff. *Id*. at 8-9. Defendant also contends that the Court has tried lesser sanctions to no avail and that Plaintiff has been warned that case-dispositive sanctions are a possibility. *Id*. In the alternative, Defendant asks the Court to order preclusion sanctions with respect to Plaintiff's claims of lost commissions, loss of earning capacity, diagnosis of PTSD, and her alleged fear of flying. *Id*. at 9. Finally, Defendant asks the Court to order

Plaintiff to pay its reasonable attorneys' fees and costs incurred in bringing the instant motion for sanctions. *Id*. at 11.

The party requesting sanctions bears the burden of establishing that the opposing party failed to comply with the disclosure requirements. *Silvagni v. Wal-Mart Stores, Inc.,* 320 F.R.D. 237, 241–42 (citing *Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011)). If a movant satisfies that burden, courts have "particularly wide latitude" in exercising their discretion to impose sanctions. *See, e.g.*, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In exercising that discretion, courts determine first whether the failure to comply with the disclosure requirements was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of establishing either compliance with the Court's order or substantial justification or harmlessness. *See, e.g.*, *Yeti by Molly*, 259 F.3d at 1107.

Here, Defendant has clearly demonstrated that Plaintiff continues to withhold discovery and, therefore, failed to comply with the Court's orders. *See* Docket No. 103; s*ee also* Docket Nos. 75, 99. Plaintiff's response offers no explanation, no justification, and no significant argument as to why sanctions are inappropriate except Plaintiff's bare-boned, unsupported assertion of indigence and her partial and delayed compliance with Court orders.

*i.     Appropriate Sanctions*

The district court has great latitude in imposing sanctions under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425–26 (9th Cir. 1985). Federal Rule of Civil Procedure 37(b) provides the court with a wide range of sanctions for a party's failure to comply with the Court's orders. "Discovery sanctions serve the objectives of discovery by correcting for the adverse effects of discovery violations and deterring future discovery violations from occurring." *Taylor v. Illinois*, 484 U.S. 400, 425 (1988). Rule 37 authorizes dismissal of a complaint, entry of default judgment, and awards of fees and costs as discovery sanctions. However, striking a party's pleadings is a harsh penalty and "should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of the City of Los Angeles,* 782 F.2d 829, 831 (9th Cir.1986).

Due process requires that the sanctions for discovery abuses be just and that the sanctions relate to the claims which were at issue in the relevant discovery order at issue. *Kyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 591 (9th Cir.1983). In deciding whether to grant a motion for terminating sanctions under Rule 37(b)(2)(A), the Court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 162, 1169 (9th Cir. 2012). Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against them. Therefore, the third and fifth factors are generally decisive in the inquiry. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Computer Task Group, Inc.*, 364 F.3d at 1115.

Here, the public's interest in an expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dispositive sanctions. This case was removed to this Court on November 8, 2017, and the Defendant has been unable to complete discovery as a result of Plaintiff's meager participation in her own case. *See* Docket Nos. 1, 75, 99; *see also* Docket No. 139.

    *i.*    *The Risk of Prejudice to the Other Party*

The failure to produce discovery as ordered is considered sufficient prejudice to the opposing party. *Payne*, 121 F.3d at 508 (internal citation omitted). The actions of an opposing party that impair the ability to go to trial or interfere with the rightful decision of the case are prejudicial. *Id.* Where a party fails to tender discovery until the eve of the discovery cut-off or after the discovery cut-off, the opposing party is foreclosed of any meaningful opportunity to follow up on that information or to incorporate it into its litigation strategy. *Id.*

Plaintiff continues, inexplicably, to resist participating in discovery. Plaintiff admits to having at least ten outstanding discovery requests despite the fact that this discovery was propounded nearly six months ago and that the Court has ordered Plaintiff to provide discovery on two occasions. *See* Docket Nos. 75, 99. Plaintiff provides no cognizable justification for delaying or refusing to provide the discovery and asserts only the unsupported and nonsensical defense that

only one cause of action against Defendant United remains and, therefore, that Defendant is "not without sufficient information, and ability, to meaningfully defend itself." Docket No. 120 at 5. In no uncertain terms, the Court has ordered Plaintiff to produce documents in response to Defendant's requests for production and/or to supplement her responses, not once, but twice. Docket Nos. 75, 99. Plaintiff's failure to produce discovery is obviously highly prejudicial to Defendant.

*ii.    The Availability of Less Drastic Sanctions*

The Court must consider the availability of less drastic sanctions before imposing a case-dispositive sanction. The Ninth Circuit looks to (1) whether the Court considered lesser sanctions; (2) whether it tried lesser sanctions; and (3) whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *See, e.g., Hester,* 687 F.3d at 1170. The Court may consider all the offending party's discovery conduct when making its determination of the appropriate sanction. *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 947 (9th Cir. 1995). However, for a case-dispositive sanction to be appropriate, the disobedient party's conduct must be due to willfulness, fault, or bad faith. *Id.* at 946–47.

Defendant submits that the Court has considered lesser sanctions, tried lesser sanctions, and warned Plaintiff about the possibility of case-dispositive sanctions, all to no avail. Docket No. 103 at 8. Defendant contends that Plaintiff's misconduct is not only prejudicial, but willful. *Id*. at 8-9. Defendant also contends that Plaintiff was on notice that she had a "final" opportunity to comply with the Court order or face more severe sanctions. *Id*. at 9.

In response, Plaintiff submits that striking her pleadings is too harsh a penalty in light of the fact that she provided some, but not all, of the compelled discovery after the Court's order compelling it. Docket No. 120 at 4-5. Plaintiff contends that Defendant can subpoena third parties and, since only one cause of action against it remains, Defendant has sufficient information and ability to meaningfully defend itself without the missing discovery. *Id*. at 5. Finally, Plaintiff contends that she has done what she considered best in light of her concerns about privacy and safety and has provided "many highly personal documents" to Defendant. *Id*. at 6.

In reply, Defendant submits that Plaintiff does not dispute that she violated the Court's November 16, 2018, order or refute that she continues to refuse to provide the remaining outstanding discovery. Docket No. 125 at 2. Defendant contends that, despite Plaintiff's assertion, it has suffered prejudice as a result of Plaintiff's refusal to participate in discovery. *Id*.

Plaintiff has demonstrated a pattern of failures to comply, despite multiple admonitions from the Court. The Court has imposed lesser sanctions and warned Plaintiff regarding the reality of facing more severe sanctions. Plaintiff's behavior is emerging as a pattern of willful non-compliance. However, case-dipositive sanctions are an extreme and harsh remedy. While Plaintiff's discovery conduct is reprehensible, she has shown the slightest measure of compliance in providing some discovery after the Court's order. Further, lesser sanctions are available as a proportional and just remedy to Plaintiff's failure to comply with the Court's orders.

*iii.    Exclusion Sanctions*

In the alternative, Defendant asks the Court to exclude Plaintiff's arguments and evidence of alleged emotional distress, alleged loss of earnings, and alleged loss of earning ability. Docket No. 103 at 9-10.

Exclusion sanctions are generally limited to "extreme situations." *See, e.g.*, *City & County of San Francisco v. Tutor–Saliba*, 218 F.R.D. 219, 222 (N.D. Cal. 2003). Courts are leery of imposing the harsh sanction of exclusion absent a significant possibility of prejudice due to the untimeliness of the disclosure. *Silvagni*, 320 F.R.D. at 243 & n.6. "Lesser sanctions and other measures are generally more appropriate than evidence preclusion when the disclosure is provided during the discovery period and the delay can be remedied during the existing discovery period or with a limited and brief extension of discovery." *Silvagni*, 320 F.R.D. at 243 (quoting *Jones v. Wal–Mart Stores, Inc.*, 2016 WL 1248707, at *7 (D. Nev. Mar. 28, 2016)).

Additionally, when an exclusion sanction is tantamount to dismissal of a claim, the court must also consider whether the non-compliance involved willfulness, fault, or bad faith. *R&R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012). Although a finding of willfulness or bad faith is not otherwise required, willfulness or bad faith is a factor in deciding

the appropriate level of sanctions to impose.  *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011).

Defendant contends exclusionary sanctions are appropriate as the Court has already determined that it is prejudiced by Plaintiff's misconduct and that, considering the current posture of the case, exclusionary sanctions are not preemptive.  Docket No. 103 at 10.  Defendant submits that it has been deprived of the opportunity to obtain and make any meaningful use of the requested discovery.  *Id*.  Finally, Defendant contends that the instant motion is the fourth discovery-related motion it has had to file due to Plaintiff's discovery failures, and that her actions demonstrate a willful non-compliance with the discovery process and the Court's orders.  *Id*.

In response, Plaintiff contends that, although she has provided disclosures only after being ordered, she is still participating in the discovery process.  Docket No. 120 at 6.  Plaintiff also contends that exclusionary sanctions are tantamount to dismissing her claims and, as a result, the sanction is too extreme in this circumstance.  *Id*. at 7.

In reply, Defendant submits that severe sanctions are appropriate in light of Plaintiff's repeated violations of discovery and the Court's orders.  Docket No. 125 at 3.  Further, Defendant submits that it has been denied the opportunity to fully investigate the claims in the instant case because of Plaintiff's failure to cooperate in discovery.  *Id*.

The Court finds that exclusionary sanctions are appropriate.  While the Court extended the discovery cut-off as to Defendant United, discovery otherwise closed November 9, 2018, and the deadline for dispositive motions was December 10, 2018.  Further, Plaintiff's violation of the Court's orders has continued such that the Court can no longer give her the benefit of the doubt as to willfulness.  The Court has now intervened regarding Plaintiff's discovery conduct on three occasions, including two previous Orders where the Court gave explicit and specific instructions to Plaintiff on providing the required discovery.  Nonetheless, Plaintiff has failed to comply or meaningfully participate in discovery despite multiple warnings of the consequences of doing so. Additionally, Defendant has clearly been denied the opportunity to fully investigate the claims as a direct result of Plaintiff's refusal to meaningfully participate in discovery.  Plaintiff's discovery failures are not substantially justified or harmless.  Finally, the Court finds that the exclusionary

sanction is not tantamount to dismissal as Plaintiff may testify as to any pain and suffering, emotional distress, and/or any other impact the alleged incident has had on her life.

Accordingly, the Court **GRANTS** in part Defendant's motion for sanctions. Docket No. 103. The Court **ORDERS** that Plaintiff's alleged lost of commissions, her alleged loss of earning capacity, her alleged fear of flying, and the medical records, consultations, treatment, or any alleged PTSD diagnosis by Anne Michaelson shall be excluded from trial.

*iv.    Attorneys' Fees*

Defendant asks the Court to order Plaintiff to pay its reasonable attorneys' fees and costs in bringing the instant motion. Docket No. 103 at 10. Federal Rule of Civil Procedure 37(b) authorizes a court to grant reasonable expenses, including attorneys' fees, caused by a party's failure to comply with a discovery order, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *See Hyde & Drath v. Baker,* 24 F.3d 1162, 1171 (9th Cir.1994). Here, there is nothing to suggest Plaintiff's failure was substantially justified or that there are extenuating circumstances making an award of expenses unjust. Therefore, the Court **GRANTS** Defendants' request for attorneys' fees and costs.

Defendant shall submit an affidavit of reasonable attorneys' fees and costs incurred in bringing this motion, no later **February 12, 2019**. The memorandum shall provide a reasonable itemization and description of work performed, identify the attorneys performing the work, the customary fee for the attorneys for such work, and the experience, reputation, and ability of the attorneys performing the work. Plaintiff shall have until **March 5, 2019**, to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

IT IS SO ORDERED.

Dated: January 29, 2019.

_____
Nancy J. Koppe
United States Magistrate Judge