# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| K.D., <br><br> Plaintiff, <br><br> v. <br><br> UNITED AIRLINES, INC., et al., <br><br> Defendants. | Case No.: 2:17-cv-02825-RFB-NJK <br><br> **ORDER** |

Pending before the Court is an order for Plaintiff to show cause for violating the Court's order to either enter the appearance of new counsel or file a notice of intent to proceed pro se in the instant case. Docket No. 151. Plaintiff has responded. Docket No. 152.

**I.    BACKGROUND**

This case was initially filed on September 15, 2017. Docket No. 1-1. It was removed to this Court on November 8, 2017. Docket No. 1. The case has, therefore, been pending for over a year and a half.

The case has been riddled with discovery violations and failure to participate in discovery by Plaintiff. *See*, *e.g.*, Docket Nos. 75, 86, 94, 99, 142. These violations resulted in delay and, eventually, the withdrawal of representation by Plaintiff's attorney. On August 23, 2018, Plaintiff's attorney filed a motion to withdraw as counsel due to, *inter alia*, "irreconcilable differences [with Plaintiff] regarding discoverable material … and the disclosures necessary pursuant to FRCP 26…" Docket No. 101 at 2. *See also* Docket No. 58. After this motion was filed, Plaintiff assured her attorney that she would participate in the discovery process in good faith going forward; therefore, counsel withdrew his motion. Docket No. 101 at 2-3; Docket No. 69. On November 28, 2018, however, counsel filed a renewed motion to withdraw. Docket No. 101. Counsel represented that Plaintiff "has been ordered by this Court on multiple occasions to

1

participate in the discovery process and has been sanctioned for failing to do so." *Id*. at 3. Counsel further submitted that, despite his best efforts, Plaintiff "failed to follow critical advice from counsel concerning discovery and the litigation process." *Id*.

The Court set a hearing on counsel's motion to withdraw for December 20, 2018. Docket No. 102. The Court ordered, *inter alia*, that Plaintiff must appear in person at the hearing. *Id*. at 1. The Court further warned that, "**THERE WILL BE NO EXCEPTIONS TO THE APPEARANCE REQUIREMENTS OF … PLAINTIFF**[.]" *Id*. (emphasis in original). On December 4, 2018, Plaintiff's counsel filed a notice certifying that he served the Court's order on Plaintiff. Docket No. 105.

On December 20, 2018, the Court held a hearing on counsel's motion to withdraw. Docket No. 126. Despite the Court's order, and the representations of counsel as to Plaintiff's knowledge of the hearing and her requirement to attend, Plaintiff failed to appear. *Id*. After hearing from counsel, the Court granted the motion to withdraw. *Id*. The Court ordered that Plaintiff had until January 22, 2019, to either retain new counsel who must file a notice of appearance on the docket or to file a notice of intent to proceed *pro se*. *Id*.

On December 20, 2018, the Court ordered Plaintiff to show cause, no later than January 5, 2019, why the Court should not sanction her for violating the Court's order to appear at the hearing. Docket No. 128. Plaintiff responded to the order to show cause on January 7, 2019. Docket No. 135. In her response, Plaintiff submitted that her prior attorney did not provide her with "proper notice" that he had moved to withdraw from the instant case and that she would have been present at the hearing had she known of it. *Id*. at 1. Plaintiff also made representations and requests that were not relevant to the Court's order to show cause. *Id*. at 1-2. On January 24, 2019, Plaintiff filed an amended response to the Court's order to show cause. Docket No. 140. In addition to her prior representations, Plaintiff requested 90 days to retain new counsel. *Id*. at 2.

On January 28, 2019, the Court issued an order finding the Plaintiff's statement regarding lack of notice about the hearing on her attorney's motion to withdraw as counsel conflicted with the representations made at the hearing by both her prior counsel and defense counsel. Docket No. 141 at 1. Nonetheless, the Court declined to issue sanctions at that time. *Id*. The Court did,

however, admonish Plaintiff that she must comply with all orders issued by this Court, and otherwise discharged the order to show cause. *Id*. at 2. Finally, the Court granted in part Plaintiff's request for an extension of time regarding new counsel. *Id*. at 1. The Court allowed Plaintiff until February 21, 2019 to either file a notice of intent to proceed *pro se* or to have new counsel file a notice of appearance. *Id*.

Plaintiff failed to comply with the Court's order regarding new counsel. *See* Docket. Accordingly, on February 26, 2019, the Court issued the instant order to show cause. Docket No. 151.

In response, Plaintiff submits that she has not received notice from the Court regarding any orders prior to the instant order to show cause. Docket No. 152 at 1. Plaintiff further submits, despite her long history of noncompliance and discovery violations, that she wants the chance to show the Court that she will comply with the requirements of prosecuting the instant case. *Id*. at 2. Additionally, Plaintiff submits that she has contacted several attorneys and requests a 90-day extension to the deadline for entry of appearance of new counsel. *Id*. Further, Plaintiff asks the Court for leeway to care for the health of her parents.[1] *Id*. Finally, Plaintiff makes requests regarding discovery that are not applicable to her response to the Court's order to show cause. *Id*. at 2-3.

## II.  ANALYSIS

In Plaintiff's response to the Court's order to show cause, she continues the pattern she has established in this case of blaming others for any problems that occur. For example, she blames her former attorney for her discovery violations, and she claims she has failed to comply with more than one deadline set by the Court because she did not receive the Court's orders.

It is Plaintiff's responsibility to ensure that her correct address is listed on the docket, and that she receives mail at that address. *See* LR IA 3-1.[2] The docket lists the address that Plaintiff

---

[1] Plaintiff submits that she notified the Court of her parents' health issues in her "January 20th filing." Docket No. 152 at 2. No January 20, 2019 filing exists. *See* Docket. The filing in this case that is closest to January 20, 2019, is Plaintiff's amended response to the Court's prior order to show cause, which contains no mention of her parents. *See* Docket No. 140.

[2] In addition, the NEF alone establishes that notice was properly sent and creates a presumption of delivery and receipt. *See American Boat Co. v. Unknown Sunken Barge*, 567 F.3d

3

provided, and the Court will not accept the failure to receive orders or other filings sent to that address as an excuse for failing to meet a deadline or comply with an order.

Additionally, Plaintiff asks for more time to retain an attorney. Plaintiff has been on notice that her former attorney considered moving to withdraw as counsel since at least August 23, 2018. *See* Docket No. 58. Further, Plaintiff's counsel filed his renewed motion to withdraw on November 28, 2018, and the Court set a hearing on that motion the next day. Docket Nos. 101, 102. The Court's order setting the hearing was served on Plaintiff, at the address she has provided the Court as the address at which to serve her. Docket No. 105. Despite this service, and despite the representations of counsel from both sides that Plaintiff was made aware of the hearing at a deposition, Plaintiff chose not to appear for the hearing on her counsel's motion. Docket No. 126. In her response to the Court's order to show cause why it should not sanction her for her failure to appear, Plaintiff again blames her former attorney. Docket No. 135. While the Court would have been well within its discretion to issue monetary sanctions against Plaintiff at that time, the Court declined to do so. Docket No. 141. Instead, the Court admonished Plaintiff that she must comply with all Court orders. *Id*. at 2.

Despite the Court's admonishment, Plaintiff failed to comply with the Court's order to either file a notice of intent to proceed *pro se* or retain new counsel who must enter a notice of appearance, no later than February 21, 2019. *Id*. at 1. Plaintiff instead waited for the Court to issue an order to show cause why she should not be sanctioned for again violating a court order and, once it did, blamed her former counsel and her lack of receipt of the Court orders at her designated address. Docket No. 152. Plaintiff also made used her response to again request a 90-day extension to find new counsel, even though she has now had more than 90 days since her prior attorney withdrew from the case to find new counsel. *See* Docket Nos. 126, 152.[3]

---

348, 352–53 (8th Cir.2009). This presumption is not overcome based on a simple statement in a declaration that notice was not received. *See, e.g., Trustees of the Operating Eng'rs Pension Trust v. Maui One Excavating, Inc.*, 2013 WL 1908328, *2 (D.Nev. May 7, 2013) (finding such an assertion "plainly insufficient" to overcome presumption, and citing *Singh v. Arrow Truck Sales*, Inc., 2006 WL 1867540, *1 (E.D.Cal. July 5, 2006)).

[3] Of course, Plaintiff has had significantly longer than 90 days since her attorney filed his renewed motion to withdraw as counsel on November 28, 2018. Docket No. 101.

4

The Court has been more than patient with Plaintiff, has granted her a prior extension to retain counsel or proceed *pro se*, and has declined to sanction her for her prior violations of the Court's orders. The Court's patience, however, is wearing thin. The Court will extend the deadline to obtain counsel one final time. **No later than May 1, 2019**, either new counsel must enter an appearance on behalf of Plaintiff or Plaintiff must file a notice of intent to appear *pro se*.

The Court again **ADMONISHES** Plaintiff that she must comply with all Court orders in this case. The Court's prior admonishment alone, however, did not cause Plaintiff to comply with Court orders. When a party continues to engage in the same misconduct, it becomes clear that the previous sanctions proved insufficient and additional, more significant sanctions are appropriate. *See, e.g., Garcia v. Geico Cas. Co.*, Case No. 2:13-cv-0731-JCM-NJK, 2015 U.S. Dist. Lexis 2155, at *7-10 (D. Nev. Jan. 6, 2015). Therefore, the Court now **SANCTIONS** Plaintiff in the form of a fine in the amount of $100. Payment of this fine shall be made to the "Clerk, U.S. District Court" and mailed to the Clerk of Court, United States District Court, Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. South, Las Vegas, NV 89101, **no later than May 1, 2019**. The order to show cause is otherwise discharged.

Failure to comply with any part of this order may result in sanctions up to and including case-dispositive sanctions.

IT IS SO ORDERED.

Dated: April 12, 2019.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE