# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

K.D., an individual,

    Plaintiff(s),

v.

UNITED AIRLINES, INC., et al.,

    Defendant(s).

Case No.: 2:17-cv-02825-RFB-NJK

**Order**

Before the Court is Defendant's affidavit of reasonable attorneys' fees incurred in bringing a motion for sanctions for Plaintiff's violation of the Court's discovery order. Docket No. 150.

**I.    Background**

On November 29, 2018, Defendant filed a motion for sanctions for violation of the Court's order to compel. Docket Nos. 103, 94. On January 29, 2019, the Court granted Defendant's motion for sanctions and ordered Defendant to submit an affidavit of reasonable attorneys' fees and costs. Docket No. 142 at 10. The Court allowed Plaintiff to respond no later than March 5, 2019; however, Plaintiff failed to so do. *See* Docket.

**II.    Lodestar Calculation**

Having already determined that Defendant is entitled to recover attorneys' fees incurred in bringing its motion to compel, Docket No. 142 at 10, the Court turns to the calculation of the fees. Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g.*, *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar

1

method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

*A. Reasonable Hours*

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The reasonable amount of hours expended depends on the circumstances of each case. *See Camacho*, 523 F.3d at 978. The Court has a great deal of discretion in determining the reasonableness of the fee, although the Court may exclude hours related to overstaffing, duplication, and excessiveness. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)); *see also Hensley*, 461 U.S. at 433. In making the determination of the reasonableness of hours expended on such motions, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *See, e.g.*, *Marrocco*, 291 F.R.D. at 588.

Defendant seeks to recover fees for 19.3 hours in preparing the motion for sanctions. Docket No. 150 at 5. Defendant submits that associate attorney Michael Cutler spent 17.5 hours preparing its motion for sanctions between November 18, 2018, and December 19, 2018. Docket No. 150 at 3. Defendant submits a breakdown of the time Mr. Cutler spent working on the motion. Docket No. 150-1. Defendant further submits that attorney Richard Lazenby spent 1.8 hours working on the motion. Docket No. 150 at 4. Defendant submits that Mr. Lazenby, a senior attorney to Mr. Cutler, spent this time reviewing and revising the motion. Docket No. 150-2.

The Court has reviewed the hours submitted by Defendant. Most of the work was completed by an associate attorney, and a small amount of the time was expended by a senior attorney in reviewing the associate's work. The Court finds that no overstaffing or duplication of work occurred. Further, the Court has considered the need to review the documents, the complexity of the issues raised, and the length of the briefing. The Court finds the reasonable

hours expended by Mr. Cutler on the motion for sanctions to be 8.75 hours considering all the necessary factors. Further, the Court finds that a total of one hour of work for Mr. Lazenby in reviewing the motion for sanctions is reasonable. Therefore, the Court finds that the reasonable hours are 9.75 for the motion for sanctions.

*B. Hourly Rate*

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *Perrigo v. Premium Asset Servs., LLC*, 2015 WL 4597569, *10 (D. Nev. July 28, 2015).

In this case, Defendant seeks an hourly rate of $225 for Mr. Cutler, an attorney with five years of experience and an hourly rate of $350 for Mr. Lazenby, an attorney with twenty years of experience. Docket No. 150. Counsel's declarations attest to the background and biographical information for these attorneys. *Id*. Accordingly, the Court finds the hourly rates of $225 for Mr. Cutler and $350 for Mr. Lazenby reasonable.

. . .
. . .
. . .
. . .
. . .
. . .

**III. Conclusion**

For the reasons discussed above, the Court hereby awards Defendant its attorneys' fees in the sum of $2,318.75. Plaintiff must make payment to Defendant's counsel in this amount no later than May 1, 2019, and must submit proof of such payment to the Court.

IT IS SO ORDERED.

Dated: April 17, 2019

_____
Nancy J. Koppe
United States Magistrate Judge