UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| K.D.,<br><br>    Plaintiff(s),<br><br>v.<br><br>UNITED AIRLINES, et al.,<br><br>    Defendant(s). | Case No.: 2:17-cv-02825-RFB-NJK<br><br>**REPORT & RECOMMENDATION**<br><br>(Docket Nos. 160, 179) |

Pending before the Court are Defendant United Airlines' motions for sanctions. Docket Nos. 160, 179. No responses were filed. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the Court **RECOMMENDS** that Plaintiff's claims be **DISMISSED** with prejudice.

**I.**    **BACKGROUND**

This case arises from a United Airlines flight in 2016. Docket 1-1 at 4. Plaintiff, a passenger on that flight, alleges battery and negligence related to an alleged assault by a fellow passenger. This case has been turbulent, to say the least.

On September 24, 2018, the Court ordered Plaintiff to show cause why she should not be sanctioned for failing to comply with a Court order. Docket No. 76. Specifically, the Court had ordered Plaintiff to file a declaration in support of Defendant's motion to seal certain exhibits by September 12, 2018, and Plaintiff failed to do so. *Id.* at 1. The Court declined to sanction Plaintiff at that time but warned her that the "[f]ailure to comply with any Court order in the future may result in sanctions." Docket No. 78 at 2.

On October 24, 2018, the Court granted Defendant United's motion to compel and found that Plaintiff had refused to produce certain documents without a Court order to do so. Docket

1

No. 86 at 2.  The Court further found that sanctions were appropriate and ordered Plaintiff to pay Defendant the reasonable attorneys' fees it incurred in moving to compel.  *Id.* at 3–4.

On November 16, 2018, the Court sanctioned Plaintiff for violating another order.  Docket No. 94.  The Court had ordered Plaintiff to produce certain documents, Docket No. 75 at 2–4, and Plaintiff failed to do so, Docket No. 94 at 2.  The Court therefore ordered Plaintiff to pay Defendant United the reasonable costs and attorneys' fees it incurred in moving to compel and fully comply with the order at Docket No. 75 by November 26, 2018.  *Id.* at 7–8.

On November 26, 2018, the Court sanctioned Plaintiff for refusing to answer questions during her deposition.  Docket No. 99.  The Court found that Plaintiff's refusal was unjustified.  *Id.* at 5.  The Court ordered Plaintiff to pay Defendant United the reasonable costs and attorneys' fees it incurred in moving to compel Plaintiff's answers.  *Id.* at 5–6.

On December 20, 2018, the Court again ordered Plaintiff to show cause why she should not be sanctioned for violating yet another Court order.  Docket No. 128.  The Court had ordered Plaintiff to appear at a hearing on a motion to withdraw and Plaintiff failed to do so.  *Id.* at 1.  Plaintiff responded to the order by stating, in part, that she had not received notice of the hearing.  Docket Nos. 135, 140.  The Court found that Plaintiff's representations conflicted with those of her former attorney and opposing counsel; nonetheless, the Court declined to sanction her.  Docket No. 141.

On January 29, 2019, the Court granted Defendant United's motion for sanctions.  Docket No. 142.  The Court found that Plaintiff had again failed to follow the Court's order at Docket No. 75, thereby also violating the Court's order at Docket No. 94.  The Court sanctioned Plaintiff by excluding from trial her "alleged lost [] commissions, her alleged loss of earning capacity, her alleged fear of flying, and the medical records, consultations, treatment, or any alleged PTSD diagnosis by Anne Michaelson."  Docket No. 142 at 10.  The Court also noted:

> Plaintiff has demonstrated a pattern of failures to comply, despite multiple admonitions from the Court.  The Court has imposed lesser sanctions and warned Plaintiff regarding the reality of facing more severe sanctions.  Plaintiff's behavior is emerging as a pattern of willful non-compliance.  However, case-dispositive sanctions are an extreme and harsh remedy.  While Plaintiff's discovery conduct is reprehensible, she has shown the slightest measure of compliance in

2

> providing some discovery after the Court's order. Further, lesser sanctions are available as a proportional and just remedy to Plaintiff's failure to comply with the Court's orders.

*Id.* at 8.

On February 26, 2019, the Court issued yet another show cause order. Docket No. 151. The Court had ordered either Plaintiff's new counsel (if she had one) to file a notice of appearance or Plaintiff to file a notice of intent to proceed *pro se* no later than February 21, 2019. *Id.* Neither occurred, and Plaintiff failed to request an extension of the Court-ordered deadline. *Id.* The Court also noted that it had "admonished Plaintiff [again] that she must comply with all orders issued by the Court, and that failure to do so may result in sanctions." Docket No. 141 at 2. The Court again admonished Plaintiff that she must comply with the Court's orders. Docket No. 153 at 5.

On August 8, 2019, Defendant filed the first of its two pending motions for sanctions. Docket No. 160. Defendant submits that Plaintiff has failed to pay it three awards of attorneys' fees, totaling $13, 508.75. *Id.* at 2 (citing Docket Nos. 136, 137, 154). The Court ordered Plaintiff to pay the awards by January 24, 2019, January 25, 2019, and May 1, 2019, respectively, and to submit proof of payment. Docket Nos. 136, 137, 154. In this motion for sanctions, Defendant asks the Court to sanction Plaintiff for again violating the Court's orders, asserting that terminating sanctions and an award of attorneys' fees are appropriate. Docket No. 160 at 6–7.

On August 13, 2019, the Court again ordered Plaintiff to show cause why she should not be sanctioned for violating another Court order. Docket No. 165. The Court had ordered the parties to file a proposed joint pretrial order no later than August 12, 2019, and the parties failed to do so *Id.* at 1. Defendants filed declarations stating that the proposed joint pretrial order was not filed because Plaintiff refused to cooperate with Defendant. Docket Nos. 161, 162, 163. Although the Court later discharged the show cause order during a hearing with the parties, it ordered Plaintiff to cooperate with Defendants, to follow the Court's orders, to pay all owed sanctions no later than September 16, 2019, and to submit her part of the proposed joint pretrial order to Defendants' counsel no later than September 5, 2019. Docket No. 171.

On September 16, 2019, the Court issued its most recent show cause order. Docket No. 176. Defendant Laraby made the Court aware that Plaintiff violated the Court's most recent order

3

by failing to submit her part of the proposed joint pretrial order. *Id.* at 1 (citing Docket No. 173 at 2–3). The Court noted that Plaintiff has violated its orders at least seven times and ordered her to explain why she should not be sanctioned for violating another Court order. *Id.* at 1–2. Plaintiff submitted that her failure to timely send her part of the proposed joint pretrial order to Defendants' counsel was not her fault alone. Docket No. 193 at 1. Plaintiff also submitted that Defendants' counsel failed to communicate after many attempts to contact them and that she had delivered her part of the proposed joint pretrial order in the format they requested. *Id.* at 1–2. Plaintiff, however, also revealed that her first attempt to send her draft occurred on September 6, 2019—one day after the deadline for Plaintiff to send Defendants' counsel her part of the proposed joint pretrial order. Docket No. 177 at 1; *see also* Docket No. 171 (order imposing the deadline).

On September 18, 2019, Defendant filed the second of its two pending motions for sanctions. Docket No. 179. Defendant submits that Plaintiff violated the Court's order at Docket No. 171. Defendant again asks the Court to sanction Plaintiff for again violating the Court's orders, asserting that terminating sanctions and an award of attorneys' fees are appropriate. Docket No. 179 at 7.

**II.     STANDARDS**

Orders are not suggestions or recommendations; they are order with which parties must comply. *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979); *see also* Fed.R.Civ.P. 16(f)(1)(C) (mandating compliance with any "scheduling or other pretrial order"); Fed.R.Civ.P. 41(b) (mandating compliance with "court order[s]"); Local Rule IA 11-8(d) (mandating compliance "with any order of this court").

Rule 16(f) is "broadly remedial" and aims "to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986).[1]  It applies even if the failure to comply was unintentional, *e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001), or not in bad faith, *e.g.*, *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999).

---

[1] The Court focuses on Rule 16(f), but it is sanctioning Plaintiff under Rule 16(f), Rule 41(b), and Local Rule IA 11-8(d).

4

"Courts do not invoke Rule 16(f) to enforce their orders for sport." *Gfeller v. Doyne Med. Clinic, Inc.*, 2015 WL 5210392, *9 (D. Nev. Sept. 3, 2015). The Court has repeatedly tried to marshal this case along, yet Plaintiff's consistent failure to cooperate with Defendants and to follow Court orders has delayed this case significantly. Most of the issues have related to discovery: the Court has had to order Plaintiff to produce discovery and then had to sanction Plaintiff for violating those orders. The Court has an independent duty to ensure "the just, speedy, and inexpensive determination of every action and proceeding." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 955 (9th Cir. 2019). If a party fails—over and over and over—to comply with orders that aim to ensure those interests, the Court cannot fulfill its duty. That is likewise true when a party violates orders that award attorneys' fees.

When a party violates Rule 16(f), the Court has broad discretion in choosing the appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Gross*, 6 F.3d 1385, 1397 (9th Cir. 1993); *see also* Local Rule IA 11-8 (providing that the Court may impose "any and all appropriate sanctions on an attorney or party" who violates "any order"). Violations of orders are "neither technical nor trivial," *Martin Family Trust*, 186 F.R.D. at 603, and can have severe consequences. In fact, courts may issue "any just orders," including those under Rule 37(b)(2)(A) such as case-dispositive sanctions. Fed.R.Civ.P. 16(f)(1); *see also, e.g.*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–133 (9th Cir. 1987) (affirming dismissal sanction). Rule 16(f)(2) also provides for payment of attorneys' fees and costs incurred due to the non-compliance. In picking the appropriate sanction, the primary aim is to deter similar conduct. *See, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604.

### III. ANALYSIS

#### A. Plaintiff Violated the Court's Orders at Docket Nos. 136, 137, 154, 171

Defendant United submits that Plaintiff has violated three orders that awarded attorneys' fees to it for discovery violations: Docket No. 136 (awarding $8,420); Docket No. 137 (awarding $2,770); and Docket No. 154 (awarding $2,318.75). Docket No. 160 at 2. The fees were due January 24, 2019, January 25, 2019, and May 1, 2019, respectively, and the Court required Plaintiff to submit proof of payment. Docket Nos. 136, 137, 154. Plaintiff failed to pay the fees by their deadlines. *See* Docket No. 174 at 5. Defendant also submits that Plaintiff violated Docket No.

5

171, the order that required Plaintiff to send her draft of the proposed joint pretrial order to Defendants' counsel no later than September 5, 2019.  Docket No. 179.[2]

B. <u>Sanctions</u>

Defendant asks the Court to impose terminating sanctions on Plaintiff because "[c]learly, monetary and exclusionary sanctions are ineffective." Docket Nos. 160 at 2–3, 179 at 6.

In deciding whether to impose case-dispositive sanctions, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 162, 1169 (9th Cir. 2012). The "test" is "not mechanical." *Id.* Instead, it gives the Court "a way to think about what to do, not a set of conditions precedent for sanctions or a script" to follow. *Id.*

When an order has been violated, the first two factors favor sanctions and the fourth factor cuts against them. Plaintiff violated orders to pay Defendant United its reasonable costs and attorneys' fees—totaling $13,508.75—for various motions it brought. *See* Docket No. 136, 137, 154. Plaintiff also violated orders to submit her part of the proposed joint pretrial order. *See* Docket Nos. 159, 165. The third factor therefore favors sanctions because Defendants are prejudiced by (1) Plaintiff's failure to pay what is owed; and (2) Plaintiff's failure to complete her part of the proposed joint pretrial order.

The fifth factor should be analyzed through three questions: (1) "whether the court has considered lesser sanctions"; (2) "whether it [has] tried them"; and (3) "whether it [has] warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverley Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007). The Court may consider the offending party's complete conduct in determining the appropriate sanction. *Henry*

---

[2] Since Defendant moved for sanctions on August 8, 2019, Plaintiff has violated two other orders. First, on July 30, 2019, the Court ordered the parties to submit their proposed joint pretrial order no later than August 12, 2019. Docket No. 159. Plaintiff failed to cooperate in order to meet that deadline. *See* Docket No. 165 at 1. Second, on August 20, 2019, the Court ordered Plaintiff to pay "all sanctions . . . no later than September 16, 2019." Docket No. 171. Plaintiff has not submitted proof of payment to the Court.

*v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1995). For case-dispositive sanctions to be appropriate, however, the offending party's conduct must be due to willfulness, fault, or bad faith. *Id.* at 946–47.

Case-dispositive sanctions are appropriate here. Plaintiff has violated at least eight of the Court's orders. *See* Docket Nos. 74, 94, 128, 142, 151, 165, 171. The Court has given Plaintiff more opportunities to comply with Court orders than could be considered reasonable. The Court has also imposed lesser sanctions, time and again, and has warned Plaintiff, time and again, that she would face more severe sanctions—including case-dispositive sanctions—if she continued to violate the Court's orders. *See, e.g.*, Docket Nos. 128, 151. Nonetheless, Plaintiff has remained defiant and has continued to violate the Court's orders, leaving no doubt that her behavior is willful. As Defendant United submits: "[c]learly monetary and exclusionary sanctions are ineffective" against Plaintiff. Docket Nos. 160 at 2–3, 179 at 6. The Court agrees. Accordingly, the Court **RECOMMENDS** that Defendant United's request for dismissal sanctions be **GRANTED** and requests for attorneys' fees and costs be **DENIED**. Docket Nos. 160, 179.

IT IS SO ORDERED.

Dated: November 4, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).